## WESTERN AND ATLANTIC RAILROAD COMPANY *v.* DALTON MARBLE WORKS *et al.*

1. An action can not be maintained in a name as plaintiff which is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion.

2. Where, therefore, a summons from a justice's court issued in the name of the "Dalton Marble Works," plaintiff, against a railroad company, and a motion was made to dismiss the action on the ground that there was no plaintiff, it was error to allow an amendment inserting after "Dalton Marble Works" the true name of the plaintiff as proprietor. While the name "Dalton Marble Works" probably might be construed as importing a corporation or partnership, the admission made in offering the amendment by naming the true party showed that it was neither a corporation nor a partnership, and the case should have been dismissed.

Argued April 20, — Decided May 10, 1905.

Certiorari. Before Judge Fite. Whitfield superior court. December 12, 1904.

*Payne & Tye,* and *R. J. & J. McCamy,* for plaintiff in error.
*J. A. Longley,* contra.

SIMMONS, C. J.　A summons was issued by a justice of the peace in the name of the " Dalton Marble Works " against the Western and Atlantic Railroad Company.　At the trial before the justice a motion was made to dismiss the case on the ground that it was not alleged that the " Dalton Marble Works was a corporation, nor, if it was a partnership, did it appear who were the partners composing the firm, nor was it the name of an individual."　To meet this objection plaintiff's counsel amended by inserting, after " Dalton Marble Works," the words " H. P. Colvard, proprietor," to which amendment the defendant objected.　The magistrate rendered judgment against the railroad company, and it appealed the case to a jury, where the same motion to dismiss and objection to the amendment were made.　The jury returned a verdict against the railroad company, and it sued out a certiorari to the superior court, alleging various errors committed on the trial, among them being those above stated.　The certiorari was refused, and the railroad company excepted.

1, 2. The view we take of the case renders it unnecessary to discuss any of the questions made in the bill of exceptions, except the validity of the suit commenced in the justice's court.　We think the court erred in not sustaining the certiorari upon this ground.　As was said in the case of *Anderson* v. *Brumby*, 115 *Ga.* 649, " This court is fully committed to the proposition that no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or as an artificial person."　In every suit brought in this State there must be a real plaintiff and a real defendant.　The plaintiff or the defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership.　If the suit is brought in a name which is neither that of a natural person, a corporation, nor a partnership, it is a mere nullity.　A natural person may bring a suit in his name for himself, or for the use of any other person when he holds the legal title and such other person the equitable title.　A corporation may bring suit in its own name, and, if it fails fully to describe its legal entity, may amend by alleging that it is a corporation.　A partnership may do likewise.　And this is the distinction between this case and those of *St. Cecilia's Academy* v. *Hardin*, 78 *Ga.* 39, *Smith* v. *Columbia Jewelry Co.*, 114 *Ga.* 698, *Adas Yeshurun Society* v. *Fish*, 117 *Ga.* 345, and *Perkins* v. *Shewmake*, 119 *Ga.*

617, relied on by defendant in error.    In these cases the legal entity of the partnerships or corporations was not fully disclosed, and this court held that the petition might be amended by alleging that the party was a partnership or corporation, as the case might be, the names importing partnerships or corporations; and if the cases had gone to judgment without any objection to the names the judgments would have been good, because each of the names imported a corporation or partnership.    The name "Dalton Marble Works" can not be fairly said to import a corporation or a partnership, without further description of its legal entity. Even if it is probable that the court might have construed this name as one that imports a corporation or a partnership, the amendment offered and allowed by the court negatives such a construction, for the reason that the amendment, which was simply "Dalton Marble Works, H. P. Colvard, proprietor," clearly shows, if it be true, that the "Dalton Marble Works" was neither a partnership nor a corporation, but merely the name of Colvard's property.    The "Dalton Marble Works," then, being neither a natural person, a corporation, nor a partnership, could not legally institute an action; or, in other words, there was no plaintiff to the action, and, there being none, the suit was a mere nullity, and could not be amended by inserting the name of Colvard as proprietor, there being nothing to amend by.    See, on this subject, *Barbour* v. *Albany Lodge*. 73 *Ga.* 474; *Thurman* v. *Cedar Spring Church*, 110 *Ga.* 816; *Mutual Life Co.* v. *Inman Park Church*, 111 *Ga.* 678; *Anderson* v. *Brumby*, 115 *Ga.* 649; *Wynn* v. *Richard Allen Lodge*, 115 *Ga.* 796; 15 Enc. Pl. & Pr. 476, and notes.

*Judgment reversed.  All the Justices concur, except Candler, J., absent.*