## HAYNES *et al. v.* ARMOUR FERTILIZER WORKS.

Where the plaintiff in a suit is a corporation, and the petition fails to allege that it is a legal entity, the defect may be cured by an amendment alleging its corporate character. Where such a suit proceeds to ver-

dict and judgment without amendment, the defect is cured, and the judgment is binding on all of the parties and their privies. When an execution from the judgment is levied on property, the defendant in fi. fa. can not go behind the judgment to attack its validity, having had his day in court; and a claimant has no superior right to the defendant in fi. fa., to attack the judgment and execution.

2. Under the evidence in this case, the court did not err in directing the verdict.

MAY 18, 1917.

Claim. Before Judge Littlejohn. Lee superior court. February 17, 1916.

*Ware G. Martin* and *Shipp & Sheppard,* for plaintiffs in error.

GILBERT, J. The "Armour Fertilizer Works" brought suit against Mrs. C. H. Tyson and others, in the city court of Leesburg, and obtained a judgment. There were no descriptive words to explain whether the "Armour Fertilizer Works" was a corporation, or other legal entity. Execution issued accordingly in favor of "Armour Fertilizer Works," and was levied upon real estate. The real estate was claimed by the plaintiffs in error. The claim was based on the contention that the name "Armour Fertilizer Works" was not such as to import a corporation or other legal entity, that there were no descriptive averments, and that the petition and all the proceedings under it were mere nullities, and hence could not bind the property levied upon. There were other contentions which, we think, were without merit; and therefore this case is determined solely by the decision on the above-stated contention.

No suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or as an artificial person. *Anderson* v. *Brumby,* 115 *Ga.* 644, 649 (42 S. E. 77). "In every suit brought in this State there must be a real plaintiff and a real defendant. The plaintiff or the defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, a corporation nor a partnership, it is a mere nullity. . . A corporation may bring suit in its own name, and, if it fails fully to describe its legal entity, may amend by alleging that it is a corporation." *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). The last-cited case originated in a justice's court. A motion was made to dismiss the case on the ground that "Dalton Marble Works" was not

53

a corporation. To meet the objection it was amended by adding, after the name of the plaintiff, the words, "H. P. Colvard, proprietor." The magistrate rendered a judgment against the defendant; and the case having been appealed to a jury, the same motion was made, and objection was made to the amendment. After a verdict against the defendant, a certiorari was sued out, which was refused. In the headnotes this court said: "While the name 'Dalton Marble Works' probably might be construed as importing a corporation or partnership, the admission made in offering the amendment by naming the true party showed that it was neither a corporation nor a partnership, and the case should have been dismissed." In the opinion it was said that the name "Dalton Marble Works" can not be fairly said to import a corporation or a partnership, without further description of its legal entity; and that the amendment offered negatived such construction; and that the "Dalton Marble Works," being neither a natural person nor a corporation nor a partnership, could not legally institute an action, and, there being no plaintiff to the action, the suit was a mere nullity, and could not be amended by inserting the name of the real plaintiff as proprietor. The case just cited is authority for the following rulings: (1) There must be a real plaintiff. (2) If the plaintiff be a corporation and the petition fail to describe its legal entity, the defect may be cured by an amendment alleging its corporate character. (3) If the petition is defective, failing to show that the plaintiff is a legal entity, and a proffered amendment shows that the plaintiff is neither a corporation nor a partnership, the suit is a mere nullity, and the amendment should be rejected.

In the present case, as has been stated above, the petition does not allege that the plaintiff is either a corporation or a partnership, and its name clearly indicates that it is not a natural person. To meet a demurrer calling for this information, the petition could have been amended. The case, however, proceeded to judgment as originally filed. Was it a valid judgment as against the defendant? The defect in the petition, being amendable, was cured by the verdict, and was binding on the defendants, whose duty it was to demur and thus attack the petition at the proper time, if it was desired to raise that question. "Judgments are conclusive between parties and their privies as to all matters put in issue, or

which, under the rules of law, might have been put in issue in the cause wherein the judgment was rendered." Civil Code (1910), § 5943; *Garlington* v. *Fletcher,* 111 *Ga.* 861· (36 S. E. 920). The judgment, however, is not attacked by the defendant in fi. fa., but is attacked by the claimants. The claimants showing an interest in the property have the right to make any attack upon the process levied which the defendant therein could then make. *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951). When a fi. fa. is levied, a defendant who has had his day in court can not go behind the judgment for the purpose of showing that it ought never to have been rendered, or that the petition was defective, requiring amendment; nor will a claimant be allowed any superior right under the same circumstances. *Horne* v. *Powell,* 88 *Ga.* 637, 639 (15 S. E. 688); *Wash* v. *First National Bank of Albany,* 99 *Ga.* 592 (27 S. E. 167); *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618 (48 S. E. 228); *Warwick Gin &c. Co.* v. *Continental Gin Co.,* 143 *Ga.* 508, 511 (85 S. E. 700). "A judgment that is void may be attacked in any court, and by anybody. In all other cases judgments can not be impeached collaterally, but must ·be set aside by the court rendering them." Civil Code (1910), § 5968. "The judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." Civil Code (1910), § 5368. The claimant in the present case has no superior right to that of the defendant to attack the judgment; and the latter, having had his day in court, is estopped. The plaintiff in error, the claimant, makes a collateral attack on the judgment of a court of competent-jurisdiction, in a court other than the one in which it was rendered. Therefore the trial court did not err in holding the property subject, and in directing a verdict to that effect.

*Judgment affirmed. All the Justices concur.*