STEPHENS *et al.*, commissioners, *v.* SEABOARD AIR-LINE RAILWAY CO.

BECK, P. J. The board of commissioners of roads and revenues of a county may maintain an action for mandamus in their own names against a railroad company, to compel it to build a suitable bridge and necessary approaches thereto at its expense, at a point where the railroad has excavated a "deep cut" across a public road in the county (thereby rendering it impossible for the public to use the road at that point), if under the facts of the case it is the duty of the railroad company to construct such a bridge. The authority to maintain such a suit is vested in the board of commissioners under the provision of section 692 of the Civil Code, which reads as follows: "Commissioners of roads and revenues, or ordinaries in counties where there are no commissioners, are empowdered to bring any action against any railroad corporation that may be necessary or proper to sustain the rights of the public in and to any highway in any county, and to enforce the performance of any duty enjoined upon any railroad corporation in relation to any highway in any county in this State, and to maintain action for damages or expenses which any county may sustain or may be put to in consequence of any act or omission of any such corporation in relation to highways." This section confers express authority upon the board to maintain the action instituted in this case, and is not in conflict with the provision in the State constitution that "suits by or against a county shall be in the name thereof." It follows that the court erred in passing an order which sustained the following ground of the demurrer filed by the respondents, to wit: "All suits by or for the benefit of a county must be in the name of the county, and this suit in the name of the commissioners of the county is insufficient in law and can not proceed."

*Judgment reversed. All the Justices concur.*
No. 7580. MAY 17, 1930.

*Hatcher, Hatcher & Blanchard,* for plaintiffs.

*W. W. Dykes,* for defendant.