SMITH *v.* COMMISSIONERS OF ROADS AND REVENUE OF GLYNN COUNTY.

No. 14987. OCTOBER 6, 1944.

*W. C. Little,* for plaintiff in error.
*Conyers, Gowen & Conyers,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The question here presented is whether a plaintiff, denominated as "Commissioners of Roads and Revenue of Glynn County, Georgia, the governing authority of Glynn County, a political subdivision of the State of Georgia," is such an entity as can maintain a suit in court. This court is fully committed to the proposition that no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or an artificial person. In every suit brought in this State, there must be a real plaintiff and a real defendant. The plaintiff or defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, it is a

mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by. *Barbour* v. *Albany Lodge,* 73 *Ga.* 474; *Thurmond* v. *Cedar Spring Baptist Church,* 110 *Ga.* 816 (36 S. E. 221); *Mutual Life Ins. Co.* v. *Inman Park Presbyterian Church,* 111 *Ga.* 677 (36 S. E. 880); *Wynn* v. *Richard Allen Lodge,* 115 *Ga.* 796 (42 S. E. 29); *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978); *Town of East Rome* v. *Rome,* 129 *Ga.* 290 (3) (58 S. E. 854); *Free Gift Society* v. *Edwards,* 163 *Ga.* 857 (137 S. E. 382); *Board of Education of Baker County* v. *Hall,* 189 *Ga.* 615 (7 S. E. 2d, 183); *Knox* v. *Greenfield Estate,* 7 *Ga. App.* 305 (66 S. E. 805); *Hill* v. *Armour Fertilizer Works,* 14 *Ga. App.* 106 (80 S. E. 294).

Where, however, the name imports a corporation, or imports a partnership, an amendment declaring the status of the party may be allowed. *Wilson* v. *Sprague Machine Co.,* 55 *Ga.* 672; *Smith* v. *Columbia Jewelry Co.,* 114 *Ga.* 698 (40 S. E. 735); *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (173 S. E. 135); *Charles* v. *Valdosta Foundry & Machine Co.,* 4 *Ga. App.* 733 (62 S. E. 493); *Worth* v. *United Electric Supply Co.,* 42 *Ga. App.* 702 (157 S. E. 246); *Clemons* v. *Olshine,* 54 *Ga. App.* 290 (187 S. E. 711). Where the name does not import a legal entity, but in fact it is a corporation, such defect may be cured by an amendment alleging the corporate character. *Haynes* v. *Armour Fertilizer Works,* 146 *Ga.* 832 (92 S. E. 648).

In certain cases, where no proper attack is made on the named party and the suit proceeds to judgment, it is then too late to raise the question. *Saint Cecilia's Academy* v. *Hardin,* 78 *Ga.* 39 (3 S. E. 305); *Clark Brothers* v. *Wyche,* 126 *Ga.* 24 (54 S. E. 909); *Haynes* v. *Armour Fertilizer Works,* supra; *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4) (124 S. E. 169).

In the instant case, the question is properly raised by demurrer, and the plaintiff in error contends that, in the suit as originally brought, denominating the plaintiff as "Commissioners of Roads and Revenue of Glynn County, Georgia," etc., such name was not one of a natural person, a corporation, or a partnership, and did not import the name of a corporation or partnership; but that to constitute a proper plaintiff, the suit should have been brought in the names of the commissioners in their representative capacity.

The county, as defendant in error, insists that the authority for instituting the suit as brought is authorized by the act of the General Assembly under the "Glynn Zoning Regulations" (Ga. L. Ex. Sess., 1937-38, p. 823). This act, after granting powers to adopt building regulations, and providing for the machinery to put a zoning plan in operation, under section 14, which makes provision for its enforcement, says: "In case any building or structure is . . erected, . . in violation of this act or of any regulation . . enacted or adopted by the Commissioners of Roads and Revenue under the authority granted by this act, such commissioners, the county attorney, or any owner of real estate within the district in which such buildings, structure, or land is situated, may, in addition to other remedies provided by law, institute injunction . . or any appropriate action . . to prevent, enjoin, abate, or remove such unlawful . . construction."

The attorneys for the county take the position that the legislature in section 14 of the zoning act, a portion of which is above quoted, designated the "Commissioners of Roads and Revenue" as an entity to institute proceedings growing out of violations under the act; and insist, in view of the law that the courts will take judicial cognizance of who have been commissioned by the Governor as commissioners (*Bailey* v. *McAlpin,* 122 *Ga.* 616, 50 S. E. 388), that the petition as brought was authorized by the act. To so construe the act, one of two inferences must necessarily be drawn: (a) that, by the use of the words "Commissioners of Roads and Revenue," the legislature was referring to the body and not to the individual members; or (b) that, where a suit is instituted in the name of an officer, a commission, or a body, and where the court will take judicial cognizance of the person or persons acting in such official capacity, it is not necessary for the suit to be brought in the name of the individual, or individuals, acting in their official capacity. (a) We cannot construe section 14 of the zoning act as authorizing a suit to be instituted in the name of "Commissioners of Roads and Revenue," rather than as individuals in their official capacity. The act of 1937 (Ga. L. 1937, p. 1336), in creating county commissioners for Glynn County, designates the members as a "Board of Commissioners of Roads and Revenue." The specifying of the "Commissioners of Roads and Revenue," rather than the "Board of Commissioners of Roads and Revenue," as

being authorized to institute proceedings, is more indicative of the intent of the legislature that the commissioners were designated in their official capacity rather than in the name under which the commission was created. Should the interpretation insisted upon by the county be correct, then it would be equally proper for a suit to be instituted under this act in the name of "the county attorney," or the "owner of real estate within the district," instead of the individual as such attorney or real-estate owner. (b) Nor can we agree, where a suit is brought in the name of an office, a commission, or a board, that, because the court would take judicial cognizance of the individuals who constitute it, this fact would change a suit from one with no plaintiff to one with a plaintiff. Such an application of the law of pleading would authorize a receiver or trustee appointed by the court to institute suits as "receiver of A. B.," or "trustee for C. D.," instead of in the individual names as such receiver or trustee.

To hold that the nominated plaintiff in the instant suit as originally brought was a legal entity, would be contrary to the decisions to which this court has long been committed; or to construe section 14 of the act as creating the "Commissioners of Roads and Revenue" as a legal entity to institute a suit, would require an interpretation of the intent of the legislature which is not expressed in the act. Nor is there any ruling here made contrary to the decision in *Stephens* v. *Seaboard Air-Line Ry. Co.,* 170 *Ga.* 584 (153 S. E. 359), relied upon by the attorneys for the county. There, the court, in construing the Code, § 95-602, which empowered the commissioners or ordinary of a county to bring actions against railroad companies to sustain the rights of the public to county roads, ruled that this section authorized the suit to be brought in the name of commissioners, rather than in the name of the county, and did not violate the provision of the constitution (Code, § 2-8201), that suits by or against counties shall be in the name thereof. In that case, the suit was brought in the names of the commissioners in their representative capacity.

Accordingly, the overruling of the general demurrer of the defendant was error. Subsequent proceedings being nugatory, it becomes unnecessary to rule upon other questions raised.

*Judgment reversed. All the Justices concur, except Bell, C. J., and Jenkins, P. J., who dissent.*