31662. MAULDIN *et al. v.* STOGNER *et al.*

FELTON, J. 1. In every suit in this State there must be a legal entity as the real plaintiff and the real defendant, either a natural person, an artificial person, such as a corporation, or a quasi-artificial person, such as a partnership.

2. Where the name of the defendant in which the suit is brought does not import a legal entity, but in fact it is a corporation or a partnership, such defect may be cured by an amendment alleging the legal status. *Haynes* v. *Armour Fertilizer Works,* 146 *Ga.* 832 (92 S. E. 648) ; *Smith* v. *Commissioners of Glynn County,* 198 *Ga.* 322 (31 S. E. 2d, 648) ; *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). And when a suit is brought against a defendant in a trade name, the petition is amendable by alleging and inserting the name of the individual doing business under that trade name. *Schnore* v. *Joyner,* 42 *Ga. App.* 688 (157 S. E. 353) ; *Williamson* v. *Gentry,* 44 *Ga. App.* 596 (162 S. E. 395) ; *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (173 S. E. 135).

3. Where, as in the present case, an action is brought against "Atlanta Plating Works, having an office and place of business in Fulton County, Georgia," as defendant, and the plaintiff's petition is challenged by demurrer on the ground that no party defendant is shown therein, the petition is amendable by alleging that "defendants herein are H. R. Stogner and J. B. Stogner, doing business under the firm name of Atlanta Plating Works, having an office and place of business in Fulton County, Georgia," thereby alleging that the defendant was a partnership, and, after the petition was thus amended, the court erred in sustaining the defendants' demurrer and in dismissing the action.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*

DECIDED SEPTEMBER 13, 1947.

*Henry T. Mathews,* for plaintiffs. *R. B. Lambert,* for defendants.