MYRTLE LODGE No. 1663 *et al. v.* QUATTLEBAUM.

WYATT, Justice. Myrtle Lodge No. 1663, Armenia Lodge No. 1930, and Mount Sier Lodge No. 2441 sued out against Sam Quattlebaum a dispossesory warrant, seeking to recover the possession of described realty. Quattlebaum filed his counter-affidavit, alleging that he was not in possession of the property as tenant, but under a contract of purchase that had been almost entirely performed on his part, and he prayed for specific performance and the appointment of a receiver. He further alleged "that plaintiff has no authority whatever to bring this action against him." The trial disclosed the plaintiffs in the court below to be unincorporated Odd Fellow Lodges, and resulted in a verdict in favor of the defendant. *Held*:

"This court is fully committed to the proposition that no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or an artificial person. In every suit brought in this State, there must be a real plaintiff and a real defendant. The plaintiff or defendant may be a natural or an artificial person, or a quasi-

artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, it is a mere nullity." *Smith* v. *Commissioners of Glynn County*, 198 *Ga.* 322 (31 S. E. 2d, 649), and cases there cited. The question of estoppel by judgment, dealt with in *St. Cecelia's Academy* v. *Hardin*, 78 *Ga.* 39 (3 S. E. 305), *Clark Bros.* v. *Wyche*, 126 *Ga.* 24 (54 S. E. 909), *Haynes* v. *Armour Fertilizer Works*, 146 *Ga.* 832 (92 S. E. 648), and *Eslinger* v. *Herndon*, 158 *Ga.* 823 (124 S. E. 169), is not here involved for two reasons: First, in those cases, a real party was in court, but simply by an assumed name or an improper name or a trade name. Not so in the instant case. Here no legal party plaintiff was named in the pleadings. Secondly, the right to bring this action by the purported plaintiff named in the pleadings in the court below was expressly raised in the counter-affidavit filed to the dispossessory warrant. It follows that the verdict in favor of the defendant was the only one that could have been rendered, and the judgment denying a new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 17337. FEBRUARY 13, 1951.

*Edward J. Goodwin* and *Lewis L. Scott*, for plaintiffs.
*Dennis Pierce*, for defendant.