40446. WATERS v. RENTZ.

DECIDED DECEMBER 2, 1963.

*Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error. *C. W. Heath,* contra.

FELTON, Chief Judge. In every action filed in the courts of this State there must be a legal entity as the real plaintiff and the real defendant, either a natural person, an artificial person, such as a corporation, or a quasi artificial person, such as a

partnership. *Western &c. R. Co. v. Dalton Marble Works,* 122 Ga. 774 (50 SE 978). In an action in a justice's court where the name "Rentz Grocery" is purportedly shown to be the plaintiff in the action, the action is a nullity for the reason that "Rentz Grocery", to say the least of it, does not import the name of an individual or trade name and is not amendable since the evidence in the case shows that "Rentz Grocery" is a trade name under which Mrs. W. B. Rentz did business. *Western &c. R. Co. v. Dalton Marble Works,* supra. The effect of the ruling in the *Dalton Marble Works* case is that the name under which the suit was brought *did not import a trade name* under which a legal entity was doing business to the extent that it was amendable. *Haynes v. Armour Fertilizer Works,* 146 Ga. 832 (92 SE 648) is not contrary to the *Dalton Marble Works* ruling for the reason that it was held in that case that "Armour Fertilizer Works" imports the name of a corporation to the extent that it was amendable to so show. Nor is the ruling in *Mauldin v. Stogner,* 75 Ga. App. 663 (44 SE2d 274) contrary to what is herein held because in that case it was held that "Atlanta Plating Works" imported the name of a partnership and that the defendant's identity could be shown by amendment to be a partnership. *Clark Bros. v. Wyche,* 126 Ga. 24 (54 SE 909) is not contrary to what is herein ruled because the rationale of that case is based on the principle of estoppel by judgment against the plaintiff. There seems to be a conflict of authority as to whether a name ending with the word "company" imports a trade name under which some legal entity is doing business to the extent that it is amendable, but we do not have that question in this case. On a trial of the issue raised by the affidavit of illegality filed by the defendant the court overruled a motion for a directed verdict made by the defendant Waters and overruled his motion for a judgment notwithstanding the verdict. After a finding by the court, trying the case by consent without a jury, in favor of the plaintiff Rentz Grocery against the defendant, the court erred in overruling the defendant's motion for a judgment notwithstanding the verdict for the reason that the evidence showed that "Rentz Grocery" was a trade name under which Mrs. W. B. Rentz was doing business. The judgment is reversed with direc-

tion that judgment be entered in accordance with the motion for a judgment notwithstanding the verdict.

*Judgment reversed with direction. Eberhardt and Russell, JJ., concur.*