44274. ORANGE COUNTY TRUST COMPANY, Trustee, et al. v. ESTATE OF ABE TAKOWSKY.

FELTON, Chief Judge. In this case the attachment affidavit, the declaration of attachment of the ensuing garnishment affidavit were all made in the name of the "Estate of Abe Takowsky," by an individual designating himself as "attorney at law" for the estate. The court rendered a judgment in favor of the plaintiff and the defendants appeal from the overruling of their motion for a new trial.

1. An estate is not a legal entity which can be a party plaintiff to legal proceedings, because the exclusive right to bring actions in behalf of an estate (including attachment and garnishment proceedings) is, with certain exceptions not here applicable, in the legal representative, executor or administrator, of the estate. Ga. L. 1943, pp. 236, 237 (*Code Ann.* § 113-901); *Code* § 113-907; *Arnold v. C. & S. Nat. Bank,* 47 Ga. App. 254 (2) (170 SE 316); *Bennett v. Bottoms,* 64 Ga. App. 456, 457 (13 SE2d 519), and cit.; *Knox v. Greenfield Estate,* 7 Ga. App. 305 (66 SE 805); *Knight's Pharmacy Co. v. McCall,* 181 Ga. 617, 618 (183 SE 497); Redfearn, Wills & Administration in Georgia, Vol. 2, pp. 12, 99, §§ 277, 296, and cit.

2. "This court is fully committed to the proposition that no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or an artificial per-

son. In every suit brought in this State, there must be a real plaintiff and a real defendant. The plaintiff or defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, *it is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by.*" (Emphasis supplied.) *Smith v. Commissioners &c. of Glynn County,* 198 Ga. 322, 323 (31 SE2d 648), and cases there cited; *Holston Box &c. Co. v. Vonberg & Bates,* 34 Ga. App. 298 (2) (129 SE 562). See, generally, Ga. Proc. & Practice, § 4-2, p. 60. This is for the reasons that there must be someone upon whom the judgment of the court will be effective (*Charles v. Valdosta Foundry &c. Co.,* 4 Ga. App. 733 (62 SE 493)) and that void proceedings are not amendable. *Worley Bros. Granite Co. v. Haskins,* 105 Ga. App. 444, 448 (124 SE2d 663), and cit.

3. Although there might arise an estoppel by judgment in a case where there was in fact a real party plaintiff in court but improperly designated, this rule does not apply where no legal party plaintiff was named in the pleadings and shown to exist (*Myrtle Lodge v. Quattlebaum,* 207 Ga. 575, 576 (63 SE2d 365) and cit.), in which situation the suit is a mere nullity, and thus unenforceable even after judgment. *Smith v. Commissioners &c. of Glynn County,* 198 Ga. 322, 323, supra, and cit.; *Haynes v. Armour Fertilizer Works,* 146 Ga. 832 (92 SE 648); *Bremen Foundry &c. Works v. Boswell,* 22 Ga. App. 434 (96 SE 182).

4. Under these principles of law, there was no legal party plaintiff to prosecute the case below. This being a legal prerequisite which was not, and could not have been, supplied by amendment or waived, the court below was without jurisdiction of the case. Since the lack of jurisdiction appears on the face of the pleadings, we hold, as a matter of law and without any motion to this effect, that all of the proceedings in the case below, including the judgment in favor of the "plaintiff" and the ruling on the motion for a new trial, were null and void. *Code* § 110-709; *Riley v. Garrett,* 219 Ga. 345, 353(4b) (133 SE2d 367).

*Judgment reversed. Pannell and Quillian, JJ., concur.*
ARGUED FEBRUARY 3, 1969—DECIDED FEBRUARY 21, 1969—
REHEARING DENIED MARCH 13, 1969.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel, Lowell S. Fine,* for appellants.

*Howard Moore, Jr., Peter E. Rindskopf,* for appellees.