## 49275. RUSSELL v. O'DONNELL.

QUILLIAN, Judge.
A dispossessory complaint was filed in the Civil Court of Fulton County which named Glynette Russell as the defendant and "Ansley Forest Apartments" as plaintiff. It was alleged that the defendant had failed to pay the rent and demand for possession of the premises had been made. The defendant filed an answer and counterclaim which set forth that Ansley Forest Apartments was not a proper legal entity and asked the court to dismiss the proceedings. The defendant further denied that demand for possession had been made and by way of counterclaim alleged breach of rental agreement and asked for $10,000 as damages. The case came on before the trial judge without a jury. After pointing out that in its present form the complaint was subject to dismissal the court, over objection, allowed the plaintiff to amend the complaint. The amendment set forth that the correct name of the plaintiff was J. W. O'Donnell d/b/a Ansley Forest. This amendment was supported by the introduction of a trade name registration setting forth "J. W. O'Donnell d/b/a Ansley Forest." Thereafter the defendant renewed her previous objection and further objected that the trade name as alleged in the amendment was Ansley Forest and did not comport with the trade name Ansley Forest Apartments as set forth in the original complaint. The defendant's objections were overruled. Evidence was then presented and the trial

judge entered an order finding for the plaintiff and against the defendant's counterclaim. Appeal was taken to this court. *Held:*

1. The plaintiff, appellee, contends that the appeal should be dismissed under *Daniel v. Fed. Nat. Mtg.,* 231 Ga. 385 (2) (202 SE2d 388), which held that where the only relief sought was possession of real estate that appeal must be to the Appellate Division of the Civil Court of Fulton County and not directly to the Supreme Court or Court of Appeals.

Here, however, the defendant sought to recover $10,000 by counterclaim and enumerates as error the trial judge's finding against her as to such claim. Under Ga. L. 1933, pp. 290, 294 appeal may be taken directly where the amount involved is $300 or more. Ga. L. 1933, pp. 290, 296 defines "amount involved" as including "the principal amount sued for . . . by the defendant by set off or counterclaim." Hence, the appeal was not subject to dismissal.

2. The ruling on the issue involved in the motion to dismiss is dispositive of this case. It is well settled that a suit may be instituted in the trade name of the plaintiff if it imports a legal entity. *Cheek v. J. Allen Couch & Son,* 125 Ga. App. 438 (4) (187 SE2d 907). As pointed out in *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, 685 (188 SE2d 901): "It is no longer issuable that under Georgia procedure the name of either a plaintiff or defendant may be corrected by amendment prior to judgment so long, at least, as the name by which the originally designated party is described imports a person, firm, or corporation, even though it is in fact not so."

"Where the real *defendant* has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the *defendant* contained in the complaint." (Emphasis supplied.) *Atlanta Veterans Transportation v. Westmoreland,* 123 Ga. App. 466 (181 SE2d 504). "A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly." Section 10 (a) of the Civil Practice Act (Code Ann. § 81A-110 (a); Ga. L. 1966, pp. 609, 621; 1967, pp. 226, 247). See *Thomas v. Home Credit Company,* 125 Ga. App. 876,

881 (189 SE2d 470).

With regard to a *plaintiff* it must be shown that the name given imports a person, firm, or corporation. Where this is not done there is no plaintiff and no action, but a mere nullity which is subject to dismissal. "An action can not be maintained in a name as plaintiff which is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion." *Western & Atlantic R. Co. v. Dalton Marble Works,* 122 Ga. 774 (1) (50 SE 978). See *Waters v. Rentz,* 108 Ga. App. 711 (134 SE2d 527); *Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366 (166 SE2d 913). "Where the name does not import a legal entity, but in fact it is a corporation, such defect may be cured by an amendment alleging the corporate character. *Haynes v. Armor Fertilizer Works,* 146 Ga. 832 (92 SE 648)." *Smith v. Commissioners of Glynn County,* 198 Ga. 322, 324 (31 SE2d 648).

It is clear that the term "Ansley Forest Apartments" is directly analogous to that used in *Western & Atlantic,* 122 Ga. 774, supra, which was "Dalton Marble Works." Such name would not import a natural person, a partnership, or corporation. The amendment purporting to show that the plaintiff was "J. W. O'Donnell d/b/a Ansley Forest" would not aid the action and the trial judge erred in not dismissing the complaint on motion brought by the defendant.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

Submitted May 6, 1974 — Decided June 10, 1974 — Rehearing denied July 8, 1974.

*John R. Kirby,* for appellant.
*Claude E. Hambrick,* for appellee.