## 51677. COOK v. COMPUTER LISTINGS.

QUILLIAN, Judge.

Computer Listings filed suit against the defendant seeking recovery for services rendered. The case came on for trial during which the defendant moved to dismiss on the ground that the name of the plaintiff did not import a legal entity. The motion was overruled and the trial resulted in a judgment for the plaintiff. Before entry of the judgment the plaintiff's complaint was amended to read: "Pursuant to § 81A-117 (a) and 81A-115 (b), showing the court as follows: 1. Plaintiff amends said Complaint by substituting therein for the name Computer Listings, the name of Paul Boland as partner of Computer Listings, as the real party at interest, so that the pleadings shall be denominated, to wit: Paul Boland, Partner in Computer Listings, Plaintiff vs. Rodney Cook, Defendant." Appeal was taken to this court from the denial of defendant's motion for new trial. *Held:*

The defendant urges that the trial judge erred in failing to dismiss the complaint for failure to name as plaintiff a person, firm or corporation. The name "Computer Listings" may be analogized to "Dalton Marble Works" as used in *Western & A. R. Co. v. Dalton Marble Works,* 122 Ga. 774 (50 SE 978), "Estate of Abe Takowsky" as used in *Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366 (166 SE2d 913), and to "Ansley Forest Apartments" as used in *Russell v. O'Donnell,* 132 Ga. App. 294 (208 SE2d 107). All of which were found not to import a legal entity. As was held in *Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366, supra: ". . . no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or an artificial person . . . If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, it is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by." Here as in *Russell v. O'Donnell,* 132 Ga. App. 294, 296, supra, an amendment purporting to show who was indeed the actual plaintiff would not aid or sustain the action. The rationale of the cited cases is determinative.

CPA § 17 (Code Ann. § 81A-117; Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107) deals with the necessity for suing in the name of the real party in interest rather than by one whose right is derivative. It does not control in a situation such as this where there is a failure to name a legal entity as the party plaintiff.

The trial judge erred in failing to dismiss the complaint.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 15, 1976 — DECIDED FEBRUARY 9, 1976.

*Paul S. Liston,* for appellant.
*Neil L. Heimanson,* for appellee.