## 53371. DARBY v. CROSSNO.

DEEN, Presiding Judge.

The complaint alleged that "defendant owes plaintiff $500 principal plus interest and attorney fees on a note, copy of which is attached hereto marked Exhibit A." The exhibit shows the payee of the note to be "E. H. Darby d/b/a E. H. Darby & Co." The complaint was styled "E. H. Darby & Company, plaintiff, vs. James T. Crossno, defendant." Plaintiff offered an amendment to the style of the case (the only place, other than the exhibit, where a

plaintiff is designated by name) to read "E. H. Darby d/b/a E. H. Darby & Co." The trial court, on motion, disallowed the amendment and dismissed the action under the authority of *Western & A. R. Co. v. Dalton Marble Works,* 122 Ga. 774 (50 SE 978). The defendant appeals and we reverse.

(a) "Co." is an approved abbreviation for the word "company" and may import either a corporation or a partnership. See Black's Law Dictionary, 4th Ed.; West Chicago St. R. Co. v. People, 155 Ill. 299 (40 NE 599).

(b) If the "&" mark in the original case styling keeps it, as plaintiff contends, from importing a corporation, the same cannot be said as to a partnership. Many a partnership is designated "John Doe and Company" and similar appellations, viz. *Wadley, Jones & Co. v. Jones,* 55 Ga. 329; *Co-op Mtg. Investments Associates v. Pendley,* 134 Ga. App. 236 (214 SE2d 572). In 68 CJS 487, Partnership, § 66, it is specifically stated that the partnership name may be "the surname of one or more of the members with the addition of '& Co.' " Although the cited cases are only physical examples, they are so common that we have no hesitation in holding that the name of an individual plus the words "& Co." sufficiently imports a firm or partnership entity to allow an amendment. The words "E. H. Darby" certainly import an individual, and we cannot see that the addition of symbols representing "and company" effectively remove the inference that a person, firm or corporation is intended, as was the case with the words "Computer Listings" (*Cook v. Computer Listings,* 137 Ga. App. 526 (224 SE2d 501)); "Ansley Forest" (*Russell v. O'Donnell,* 132 Ga. App. 294 (208 SE2d 107)); "Estate of Abe Takowsky" (*Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366 (166 SE2d 913)); "Armor Fertilizer Works" (*Haynes v. Armor Fertilizer Works,* 146 Ga. 832 (92 SE 648)); "Rentz Grocery" (*Waters v. Rentz,* 108 Ga. App. 711 (134 SE 2d 527)); "St. Mark's Methodist Church" (*St. Mark's Methodist Church v. Ga. Power Co.,* 19 Ga. App. 633 (91 SE 1047)); and like cases. There is a clear if narrow distinction between such terms and those which have been held to import a legal entity so as to allow amendment, viz. *Parker v. Kilgo,* 109 Ga. App. 698 (137

SE2d 333); *Mortemoth Co. v. Southeastern Fur Co.,* 98 Ga. App. 637 (106 SE2d 194).

(c) "A suit may be brought in the trade name if it imports a legal entity. . . *John L. Hutcheson Memorial Tri-County Hospital v. Oliver,* 120 Ga. App. 547 (171 SE2d 649). The correct corporate name may be substituted by amendment at any time before judgment." *Cheek v. J. Allen Couch & Son,* 125 Ga. App. 438, 443 (187 SE2d 907). In like manner, where the action is brought in a trade name, the name of an individual doing business under such trade name may be substituted, provided the trade name in which the action is first brought appears itself to denominate a legal entity. *Benn v. McBride,* 140 Ga. App. 698.

The amendment should have been allowed, and it was error to grant the motion to dismiss the complaint.

*Judgment reversed. Webb and Marshall, JJ., concur.*

SUBMITTED FEBRUARY 15, 1977 — DECIDED FEBRUARY 24, 1977.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Bartow Cowden, III, Charles E. Lamkin,* for appellant.

*Jane Kent Plaginos,* for appellee.