55491. ROSE HALL, LTD. v. HOLIDAY INNS, INC. et al.

BIRDSONG, Judge.

Appellant Rose Hall Ltd. brings this appeal from the grant by the trial court of alternative motions for summary judgment and dismissal of the complaint.

As pertinent to this appeal, the facts show that Rose Hall, Ltd. is a Jamaican corporation and the original, sole owner of the stock of Rose Hall (H. I.), which was created for the limited purpose of building a hotel on land owned by it. Pursuant to these building plans, Rose Hall (H.I.) negotiated a loan with the Bank of Nova Scotia (bank) in the amount of $6,500,000. Following construction of the hotel, a 20-year lease was negotiated with Holiday Inns, Bahama (later assigned to Holiday Inns, Jamaica) with its parent organization, Holiday Inns, guaranteeing the lease. Security deeds were given by Rose Hall (H.I.) to the bank covering the hotel, land and equipment. Later, the plaintiff, Rose Hall, Ltd., negotiated an unrelated loan for $3,000,000 with the Chase Bank of Jamaica, pledging all its shares of Rose Hall (H. I.), a second mortgage upon the hotel equipment, plus a security deed upon 3,600 acres of

land, the development of which was the purpose of the loan. Subsequently, in order to improve its financial position in Jamaica, the parent company of Rose Hall, Ltd., (the Rollins consortium) through John Rollins as agent and principal stockholder and director of both Rose Hall, Ltd. and Rose Hall (H. I.), undertook negotiations with an official agency of the Jamaican government as a prospective purchaser of the hotel and the land which accompanied it for a selling price of $13,000,000. The negotiations involved Rollins, the Jamaican agency, the Bank of Nova Scotia, Chase Bank, Rose Hall, Ltd., and Rose Hall (H.I.). The purchase price was to be used to repay the $6,500,000 loan from the bank and partially repay the loan from Chase, after which Chase would return the pledged stock of Rose Hall (H. I.) to Rose Hall, Ltd. The funds were also to be used to furnish development capital to Rose Hall, Ltd. Thereafter, Rose Hall (H.I.) would be liquidated. When Holiday Inns learned of the purported sale of the hotel, it arranged a meeting in July, 1976, with the ostensible purchaser and made known the fact that the hotel was losing money for the lessee and that Holiday Inns intended to renegotiate the lease. Because of this adverse information, the Jamaican agency declined to purchase the hotel. The failure of this agreement to purchase caused the alleged financial loss to Rose Hall, Ltd. In February, 1976, the stock of Rose Hall (H.I.) pledged to Chase, had been transferred to Chase and Chase became the owner of record of all the stock of Rose Hall (H.I.). Though Rose Hall, Ltd. was the beneficial owner of the stock of Rose Hall (H.I.), the management of the corporation was reorganized and vested in Chase as the owner of record. Chase refused to bring a derivative suit in its own behalf or to allow Rose Hall (H.I.) to bring suit against Holiday Inns for alleged interference with the contract negotiations being consummated for the sale of the hotel. Rose Hall, Ltd. then brought this suit alleging tortious interference in the contract negotiations against Holiday Inns and its negotiating agent, Lapwing, who is a resident of Fulton County. Holiday Inns and Lapwing moved for summary judgment on the grounds that record ownership of the stock was in Chase as of February, 1976, and that

the alleged tortious interference did not occur until July, 1976, several months after Rose Hall, Ltd. had transferred the stock to Chase. Holiday Inns and Lapwing also moved to dismiss the complaint on the ground that the proper party plaintiff was either Rose Hall (H.I.) or Chase or both and not Rose Hall, Ltd. Rose Hall, Ltd. appeals the grant of these motions. *Held:*

1. Rose Hall, Ltd. premises its appeal upon the fact that it was so intimately intertwined in the contract negotiations that it is enabled to bring this suit directly. Nevertheless, Rose Hall, Ltd. stands only in the position of a beneficial stockholder and thus as the ultimate beneficiary of the sale of the stock of Rose Hall (H. I.). The proposed sale was between Rose Hall (H.I.) and the Jamaican agency. The direct loss, if any, was suffered by Rose Hall (H.I.), and indirectly by Chase as the record owner of the stock. "It is recognized that the corporation and the... [shareholder] are two separate entities, and that the... [shareholder] has no right of action for devaluation of the corporation stock or for the invasion of any other right belonging to the corporation as such, since the latter would be the proper party plaintiff in that event even though this...[stockholder] is the sole owner." *Dale v. City Plumbing &c. Co.,* 112 Ga. App. 723, 729 (146 SE2d 349).

Ga. L. 1966, pp. 609, 632 (Code Ann. § 81A-123 (b)) provides: "In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law." Further, Ga. L. 1968, pp. 565, 629 (Code Ann. § 22-615) generally requires that in a derivative action, the shareholder must be a holder of record at the time of the transaction of which complaint is made. The record is clear in this case that Rose Hall, Ltd. at best is no more than a residual, beneficial stockholder. At no point does the record reflect that Rose Hall, Ltd. was the owner of record of the stock of Rose Hall (H.I.) in July, 1976, when

the alleged tortious interference occurred. In fact, Rose Hall, Ltd. admits that it is only a beneficial owner. Nor does the record reflect what steps Rose Hall, Ltd. may have taken to require a direct corporate suit to be instituted by Rose Hall (H.I.). While the acts complained of may have resulted in damage to Rose Hall (H.I.) (as owner), Chase (as stockholder of record), and ultimately (assuming that the contract was consummated as envisioned) Rose Hall, Ltd. (as beneficial stockholder), there is no showing that the alleged wrong amounted to a breach of duty owed to Rose Hall, Ltd. personally by Holiday Inns. Schaffer v. Universal Rundle Corp., 397 F2d 893, 896 (5th Cir., 1968); Restatement of Torts, § 376, Note k, at p. 60 (1939).

It follows that Rose Hall, Ltd. could not legally or properly bring a direct action for tortious interference in the contract negotiations between Rose Hall (H.I.) and the Jamaican agency. Inasmuch as the record does not plead a derivative action nor support such an action, the trial court properly granted summary judgment to Holiday Inns and its agent Lapwing.

2. Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107 (Code Ann. § 81A-117) provides: "Every action shall be prosecuted in the name of the real party in interest." Thus, CPA § 17 requires a suit be brought in the name of the real party in interest rather than by one whose right is derivative. *Cook v. Computer Listings,* 137 Ga. App. 526, 527 (224 SE2d 501). Should Rose Hall, Ltd. have proceeded to a conclusion with its suit, the result would have been a nullity. *Orange County Trust Co. v. Takowsky's Estate,* 119 Ga. App. 366 (166 SE2d 913). We conclude, therefore, that the trial court did not err in granting the motion to dismiss in view of the absence of the real party in interest to the litigation. *Employers' Liability Assur. Corp. v. Keelin,* 132 Ga. App. 459 (208 SE2d 328).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued February 28, 1978 — Decided June 23, 1978 — Rehearing denied July 14, 1978 —

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., Cleburne E. Gregory, III,* for appellant.

*Alston, Miller & Gaines, Ronald L. Reid, Peter Q. Bassett,* for appellees.