56850. DONALD v. LUCKIE STRIKE LOANS, INC.

DEEN, Presiding Judge.

This appeal is from the dismissal of the defendant's motion to set aside a judgment on the ground that the

plaintiff Luckie Strike Loans, Inc. "does not exist in any form which would allow it to file a suit." It appears from the record that Luckie Strike Loans, Inc. was incorporated in Georgia on April 11, 1959. The appellant executed a promissory note and deed to secure debt on October 26, 1972. On January 23, 1975, plaintiff merged into "Dixie Finance Corporation of Atlanta." The note being unpaid, there was a foreclosure proceeding under the power of sale contained in the loan deed and the appellee, designating itself "Luckie Strike Loans, Inc. d/b/a Dixie Finance Corp." brought a petition for confirmation of sale on April 19, 1976. The petition was properly served and an order of confirmation entered the following month. The motion to set aside was filed in February 1978, almost two years later.

Regardless of any rights under Code § 22-1007 which the appellee may have had to proceed in the style by which it designated itself had timely objection been made, it is clear that failure to object before the judgment of confirmation constitutes a waiver of any defect by way of misnomer. A motion to set aside a judgment will lie only for a nonamendable defect appearing on the face of the record, and to be subject thereto "it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Code § 81A-160 (d). This claim does in fact exist since Luckie Strike Loans, Inc. was in existence and the entity to whom the debt was payable at the time the note was executed. Furthermore, even if the name in which the plaintiff sued was an assumed or fictitious name, this might have been amended at any time prior to judgment on objection made, provided of course the name used did in fact import a legal entity, as this one does. *Eslinger v. Herndon,* 158 Ga. 823, 826 (124 SE 900) (1924); *Parker v. Kilgo,* 109 Ga. App. 698, 701 (137 SE2d 333) (1964). A petition erroneously brought in a trade or fictitious name which imports a corporation may be amended by showing the true name of the plaintiff. *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683 (188 SE2d 901) (1972). Thus, the trade name in which this plaintiff sued could by amendment have been shown to be its true name. Also by amendment the designation

"Dixie Finance Corp." could have been amended instanter to state its full name, "Dixie Finance Corporation of Atlanta." *Carrollton Coca-Cola Bottling Co. v. Pace,* 56 Ga. App. 267 (192 SE 473) (1937). After a final judgment no amendment is needed. *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123 (240 SE2d 603) (1977); *Haynes v. Armour Fertilizer Works,* 146 Ga. 832 (92 SE 648) (1917); *Smith v. Comrs. &c. of Glynn County,* 198 Ga. 322, 324 (31 SE2d 648) (1944); *St. Cecelia Academy v. Hardin,* 78 Ga. 39 (3 SE 305) (1886).

In summary: A plaintiff may sue in a fictitious or trade name. Such a suit may be amended before judgment where the name in which suit is brought imports the name of a legal entity and does not import the name of some other existent legal entity which is not in fact the true plaintiff. If no objection is made and no amendment filed, it is too late after final judgment to raise the issue.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED DECEMBER 1, 1978.

*B. T. Edmonds,* for appellant.

*McRae, Means & Means, Terry S. McRae,* for appellee.