## 63676. EMBASSY ROW ASSOCIATES v. RAWLINS.

SOGNIER, Judge.

Embassy Row Associates, d/b/a Embassy Row Apts., filed a dispossessory action against Rawlins in the Justice of the Peace Court of Clayton County. Rawlins filed an answer and counterclaim and the case was transferred to State Court. Embassy Row Associates amended its complaint so that the plaintiff's name was changed to Manzanita Management Corporation, d/b/a Embassy Row Apartments. Rawlins moved to dismiss the complaint on the grounds that Embassy Row Associates, d/b/a Embassy Row Apts., was not a legal entity and suit by said plaintiff was a nonamendable defect. The trial court granted the motion and Embassy Row Associates appeals.

It is the rule in this state that a suit cannot be brought in the name or in behalf of an unincorporated association. *O'Jay Spread Co. v. Hicks,* 185 Ga. 507, 513 (195 SE 564) (1938). " '. . . [N]o suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or an artificial person . . . If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, *it is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by.*' " *Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366 (2) (166 SE2d 913) (1969); *Cook v. Computer Listings,* 137 Ga. App. 526 (224 SE2d 501) (1976). An amendment purporting to show who was indeed the actual plaintiff would not aid or sustain the action. *Russell v. O'Donnell,* 132 Ga. App. 294, 296 (208 SE2d 107) (1974). This is not a case where a corporation brought suit

in its own name, and failed fully to describe its legal entity, and where an amendment would be permitted, *Haynes v. Armour Fertilizer Works,* 146 Ga. 832, 833 (92 SE 648) (1917), nor has appellant shown that Embassy Row Associates is a trade name for Manzanita Management Corporation. See *Carroll v. Equico Lessors,* 141 Ga. App. 279 (233 SE2d 255) (1977).

The trial court did not err in granting appellee's motion to dismiss.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1982.

*Joseph R. Baker,* for appellant.
*Michael R. Hauptman,* for appellee.