## A00A2203. BRAND v. SOUTHERN EMPLOYMENT SERVICE.
(545 SE2d 67)

MILLER, Judge.

Southern Employment Service sued Jack Brand for breach of contract, and Brand counterclaimed for breach of an alleged employment contract he had "with Plaintiff." At the bench trial, Brand moved to dismiss the action on the ground that Southern Employment Service was not a legal entity. Finding that Southern Employment Service was a proprietorship owned by Millard Burke, the court denied the motion.[1] The court entered judgment in favor of Southern Employment Service, and Brand moved for judgment notwithstanding the verdict, which the court denied. Since the name "Southern Employment Service" does not import a legal entity, we reverse.

*Russell v. O'Donnell*[2] reiterated that an action pursued by a plaintiff that is not a natural person or other legal entity is a nullity:

An action cannot be maintained in a name as plaintiff which

---

[1] Southern Employment Service's argument that the matter was waived is belied by the court's order on the issue. In the absence of a transcript, we assume the court's actions are supported by the record. *Gary v. Weiner*, 233 Ga. App. 284-285 (1) (503 SE2d 898) (1998).

[2] 132 Ga. App. 294 (208 SE2d 107) (1974).

is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion.[3]

Southern Employment Service is not a corporation, it is not a partnership, it is not an individual; rather, it is the trade name for the proprietorship owned by Burke. An unincorporated proprietorship is not a legal entity separate from the proprietor,[4] and the use of a trade name for the business does not create a separate legal entity.[5] Although a suit may be instituted in the trade name of the plaintiff, that trade name must import a legal entity,[6] such as a natural person, a partnership, or other legally recognized artificial entity.[7] "Southern Employment Service" does not imply or connote any of these. Rather, "Southern Employment Service" is analogous to "Rentz Grocery,"[8] "Computer Listings,"[9] "Dalton Marble Works,"[10] and "Ansley Forest Apartments,"[11] all of which were found not to import a legal entity.[12] Even if "Southern Employment Service" could be construed to connote a corporation or a partnership, the facts showed it was merely the trade name of an individual's proprietorship, thus negating this possible construction.[13] Moreover, if the defendant objects before judgment, a plaintiff suing in a proper trade name must amend the pleadings to reflect the accurate legal name,[14] which was not done here.

Accordingly, the trial court erred in failing to dismiss the action[15] and in failing to grant judgment n.o.v.[16]

---

[3] (Citations and punctuation omitted.) Id. at 296 (2).

[4] *Dowis v. Watson*, 161 Ga. App. 749, 750 (2) (289 SE2d 558) (1982).

[5] *Galindo v. Lanier Worldwide*, 241 Ga. App. 78, 84 (3) (526 SE2d 141) (1999).

[6] *Cheek v. J. Allen Couch & Son Funeral Home*, 125 Ga. App. 438, 443 (4) (187 SE2d 907) (1972); see *Donald v. Luckie Strike Loans*, 148 Ga. App. 318, 319-320 (251 SE2d 168) (1978).

[7] *Russell*, supra, 132 Ga. App. at 296.

[8] *Waters v. Rentz*, 108 Ga. App. 711, 712 (134 SE2d 527) (1963).

[9] *Cook v. Computer Listings*, 137 Ga. App. 526 (224 SE2d 501) (1976).

[10] *Western &c. R. Co. v. Dalton Marble Works*, 122 Ga. 774, 776 (2) (50 SE 978) (1905).

[11] *Russell*, supra, 132 Ga. App. at 296 (2).

[12] *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 695-696 (2) (a) (527 SE2d 293) (1999), cited by Southern Employment Service, is distinguishable in that it focused on the proper naming of the defendant, not the plaintiff. *Russell* emphasized this distinction. 132 Ga. App. at 295-296 (2).

[13] *Western &c. R. Co.*, supra, 122 Ga. at 776 (2); see *Waters*, supra, 108 Ga. App. at 712.

[14] See *Donald*, supra, 148 Ga. App. at 319-320. Compare *Clark Bros. v. Wyche*, 126 Ga. 24, 26 (54 SE 909) (1906) (if no objection raised before judgment, then party estopped from raising issue).

[15] *Cook*, supra, 137 Ga. App. at 527; *Russell*, supra, 132 Ga. App. at 296 (2).

[16] *Waters*, supra, 108 Ga. App. at 712-713.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 23, 2001.

*Hagler, Hyles & Hix, M. Stephen Hyles,* for appellant.
*Richard E. Flowers,* for appellee.