McFADDEN, Judge,
dissenting.
I respectfully dissent. This case concerns the enforceability of a one-page subcontractor’s performance bond. The surety, appellee Auto-Owners Insurance Company, has identified two purported deficiencies in the bond which, it argues, excuses it from paying the obligee, appellant Choate Construction Company. Neither argument has merit.
Because there has been an earlier appeal in this case, we must first consider the application of the law of the case rule. See OCGA § 9-11-60 (h). But contrary to the majority, I would hold that it is not applicable. “The ‘law of the case’ has been defined as a controlling legal rule established by a previous decision between the same parties in the same case.” Modern Roofing & Metal Works v. Owen, 174 Ga. App. 875, 875 (1) (332 SE2d 14) (1985) (citation and punctuation omitted). Accordingly, the law of the case rule applies “only when the same issue has been actually litigated and decided.” State v. Mizell, 288 Ga. 474, 478 (3) (705 SE2d 154) (2010) (citations omitted). “Where [a] second motion for summary judgment is based on matters not involved in the decision on the first motion, ‘the law of the case’ is not involved.” Suggs v. Brotherhood of Locomotive Firemen & Enginemen, 106 Ga. App. 563, 564 (2) (127 SE2d 827) (1962) (citations and punctuation omitted).
Here, the first motion for summary judgment was filed by surety Auto-Owners; the second was filed by obligee Choate. Our earlier opinion dealt with the first motion and held that Auto-Owners was not entitled to summary judgment; it contained no analysis of whether genuine issues of material fact existed that would preclude summary judgment to Choate. I disagree with the majority’s assertion that “regardless of which party moves for summary judgment, there is either a material factual dispute between the parties or there is not.” Opposing parties’ arguments for summary judgment are not necessarily mirror images, and a material fact sufficient to defeat summary judgment for one party may have no bearing on another party’s entitlement to summary judgment.
In this case, for example, the finding in our earlier opinion that a jury question existed “as to whether Dedmon [Electric Services] and DES were the same company,” see Choate Constr. Co. v. Auto-Owners Ins. Co., 318 Ga. App. 682, 687 (1) (736 SE2d 443) (2012), precluded summary j udgment for Auto- Owners on one of its- arguments. But the *343 existence of that jury question does not preclude summary judgment for Choate. As discussed below, there is no dispute that both companies were sole proprietorships and that Thad Dedmon was the sole proprietor of each. And, as discussed below, Thad Dedmon’s status as sole proprietor is the issue material to Choate’s motion for summary judgment. Whether his two sole proprietorships were the same company or different companies is immaterial.
Although this court’s first opinion does identify several factual questions, it does not address whether any of those factual questions are material to the issue now before us: whether Choate is entitled to summary judgment. Even if a ruling on the existence of genuine issues of fact material to Choate’s entitlement to summary judgment could be implied in the earlier opinion, our Supreme Court has “decline[d] to expand the law of the case rule of OCGA § 9-11-60 (h) to encompass an ‘implied’ ruling[.]” Currid v. DeKalb State Court Probation Dept., 285 Ga. 184, 186, n. 5 (674 SE2d 894) (2009). Consequently, the law of the case rule does not apply, and there is no need to parse out the post-remand evidence from the pre-remand evidence.
I therefore turn to the purported deficiencies in the performance bond. The principal on the bond is subcontractor Thad Dedmon, a sole proprietor who operated under the trade names Dedmon Electric Services (the entity named in the contract with Choate) and D. E. S. Electrical Contractors (the entity named in the bond with Auto-Owners). The subcontractor defaulted, generating losses apparently greater than the amount of the bond. Auto-Owners has refused to pay on the basis of two alleged deficiencies: first that the bond identifies the principal by one of his two trade names while the subcontract identifies him by the other; and second that the signature on the bond on behalf of the principal/subcontractor is that of Jacqueline Payne, Thad Dedmon’s elderly relative, who had no other involvement in the business.
Auto-Owners points first to the discrepancy between the trade names on the subcontract and on the bond. But that discrepancy does not excuse its failure to pay. An unincorporated sole proprietorship has no existence independent of the proprietor. Brand v. Southern Employment Svc., 247 Ga. App. 638, 639 (545 SE2d 67) (2001). “A trade name such as that which denominates the [s]ole [proprietorship is merely a name assumed or used by a person recognized as a legal entity.... [A] trade name is nothing more than the alter ego of the individual.” Miller v. Harco Nat. Ins. Co., 274 Ga. 387, 391 (3) (552 SE2d 848) (2001) (citations and punctuation omitted). The evidence establishes without dispute that the subcontract and the bond refer to the same general contractor (Choate), the same subcontractor (Thad Dedmon), and the same project.
*344 Decided November 18, 2015
Reconsideration denied December 15, 2015.
Kilpatrick Townsend & Stockton, Brian G. Corgan, Reginald A. Williamson, Elizabeth C. Akins, for appellant.
Busch, Reed & Jones, M. Boyd Jones, Nicole A. Burgess-Busch, for appellee.
Auto-Owners points next to the signature of the subcontractor’s elderly relative, Payne, suggesting that it constituted fraud. It does appear that Thad Dedmon lacked the credit rating necessary to secure a bond and that, in deciding to issue the bond, Auto-Owners relied on Payne’s credit rating. But the bond does not reflect any such reliance. The bond form has spaces for the name and title of the signatories, but neither Payne nor Auto-Owners’s agent provided a title. Obligee Choate drafted the bond form, and it contains no language that provides Auto-Owners a remedy for frustration of its reliance interest.
Auto-Owners goes on to argue that Choate had a duty to investigate the use of different trade names on the subcontract and the bond and to investigate the role of the subcontractor’s elderly relative. But that argument is derivative of the arguments rejected above.
For these reasons, we should reverse the denial of summary judgment to Choate on its claim that Auto-Owners is liable under the bond. As to the issues of bad faith and attorney fees, we should remand for further consideration in light of the reversal.