63167, 63169. DOWIS v. WATSON (two cases).
63168. SOFAS & CHAIRS v. WATSON.

POPE, Judge.

Appellant James Dowis, a resident of Gwinnett County, is the owner of a sole proprietorship known as "Sofas and Chairs," which is a furniture business located in Fulton County. A civil action was initiated in Fulton County against both the proprietorship and James Dowis, as if they were separate legal entities. Dowis answered the complaint raising the defense of lack of venue. No answer was filed by the sole proprietorship, and a default judgment was entered against the "defendant" Sofas and Chairs on June 3, 1981.

A hearing was held on July 6, 1981 on Dowis' motion to dismiss the case against him for lack of venue. A motion was also made to set aside the default judgment against Sofas and Chairs. It is from the denial of these motions from which appellant brings this interlocutory appeal.

1. It appears on the face of the record that Dowis, the proprietor, was a resident of Gwinnett County and therefore venue in Fulton County was improper. *Aiken v. Bynum,* 128 Ga. App. 212 (1) (196 SE2d 180) (1973). The county of residence of a sole proprietorship is the county of residence of its proprietor. *Youmans v. Hickman,* 179 Ga. 684 (177 SE 238) (1934); Code Ann. § 2-4306. The court erred in failing to dismiss the suit against Dowis for lack of venue.

2. The default judgment entered against the sole proprietorship is void on its face. An unincorporated sole proprietorship is not a separate legal entity from the proprietor and may not be sued in a county where it may be doing business if the proprietor does not reside there. Compare *Farmers Hardware v. L. A. Properties,* 136 Ga. App. 180 (220 SE2d 465) (1975).

*Judgments reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1982.

*Winship E. Rees,* for appellant.
*Robert A. Moss,* for appellee.