A89A1429. LEE v. XEROX CORPORATION.
(387 SE2d 653)

BENHAM, Judge.

This is an appeal from the grant of summary judgment to appellee, who sued Richard C. Lee individually and d/b/a Lee Realty Company in the State Court of Cobb County for payment due on an account. Appellant alleged in his answer that the court lacked jurisdiction over him because he resided in Fulton County. In response to appellee's motion for summary judgment, appellant attached an affidavit setting forth that he is the sole proprietor of Lee Realty Company. The trial court granted appellee's motion for summary judgment.

1. In his first enumeration of error, appellant contends that it was error for the trial court not to dismiss or transfer the action for lack of personal jurisdiction over him. Appellant contends that he should have been sued in the county where he resides, not the county where his sole proprietorship is located.

It is clear from the record that appellant has raised improper venue as a defense to the complaint. The Georgia Constitution provides that civil cases shall be tried in the county where the defendant resides. Ga. Const. 1983, Art. VI, Sec. II, Par. VI. Appellant resides in Fulton County. The uncontroverted affidavit of appellant establishes that Lee Realty Company is a sole proprietorship of which appellant is the sole proprietor. "The county of residence of a sole proprietorship is the county of residence of its proprietor. [Cit.]" *Dowis v. Wat-*

*son*, 161 Ga. App. 749 (1) (289 SE2d 558) (1982). Thus, the correct venue for Richard C. Lee and Lee Realty Company is in Fulton County. The proper remedy for improper venue is not dismissal, but transfer of the case to the appropriate forum. *Shannon v. Allen &c. Transmission*, 172 Ga. App. 88 (322 SE2d 99) (1984). Accordingly, the order granting summary judgment to appellee is vacated and remanded to the trial court for transfer to the proper court.

2. Our holding in Division 1 renders moot the issue raised in appellants' second enumeration of error.

*Judgment vacated and case remanded with direction. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 7, 1989.

*John C. Tyler*, for appellant.

*Clark, Mascaro & Associates, Karen Mascaro, Jeffrey L. Hersh*, for appellee.