A06A0658. LANIER WORLDWIDE, INC. v. BRIDGECENTERS AT PARK MEADOWS, LLC et al.

(633 SE2d 49)

RUFFIN, Chief Judge.

Lanier Worldwide, Inc. ("Lanier") appeals the trial court's order modifying an arbitration award Lanier obtained against Bridge-Centers at Park Meadows, LLC ("BridgeCenters") and Stephen Tucker. Because the trial court erred in modifying the award, we reverse.

1. The record shows that, in the spring of 2003, BridgeCenters entered into a 60-month lease with Lanier for office equipment. The lease agreement obligated BridgeCenters to make monthly payments to Lanier in the amount of $12,252.35. It also provided that "[a]ny controversy or claim arising out of or relating to this Agreement or the breach hereof . . . shall be settled by binding arbitration."

BridgeCenters failed to make the required monthly payments. Lanier apparently repossessed the equipment, and a dispute arose over BridgeCenters' liability for payments under the lease. The parties ultimately submitted the dispute to arbitration. Following a two-day evidentiary hearing, the arbitrator ruled in favor of Lanier, awarding it $674,163.50 against BridgeCenters and Tucker, who guaranteed BridgeCenters' obligations under the lease. The arbitrator calculated the damages based on OCGA § 11-2A-529 (1) (b), finding Lanier entitled to accrued unpaid rent and accelerated future lease payments reduced to present value.[1]

---

[10] See *Garrett*, supra at 895-896.

[11] See id. at 896; *Lake v. Atlanta Landmarks*, 257 Ga. App. 195, 197 (570 SE2d 638) (2002).

[1] The award further provided that, pursuant to OCGA § 11-2A-529, if Lanier kept the equipment, BridgeCenters and Tucker would be entitled to possession through the end of the lease term once the award was paid. If, on the other hand, Lanier disposed of the equipment,

Lanier petitioned the superior court to confirm the arbitration award and moved for summary judgment. Following a hearing, the trial court modified the arbitration award, drastically reducing the damages awarded Lanier from $674,163.50 to $60,306.24. In reaching this result, the trial court determined that damages should have been calculated under OCGA § 11-2A-528, rather than OCGA § 11-2A-529, and that such calculation did not permit recovery of future lease payments.

"Proceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the purpose of avoiding litigation by resorting to arbitration. Where no ground exists for vacating or modifying the award, it is the duty of the court to confirm it."[2] The parties agree that this case is governed by the Federal Arbitration Act ("FAA"),[3] which permits modification of an arbitration award under the following circumstances:

(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[;] [or] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy.[4]

The trial court did not specify the statutory basis for its decision to modify the arbitration award. Undoubtedly, however, it disagreed with the arbitrator's application of OCGA § 11-2A-529 and the inclusion of future lease payments in the award.

With respect to recovery of future lease payments, Georgia's Commercial Code offers the following guidance. After a default, a lessor of goods generally may recover the present value of the total rent for the remaining lease term *minus* the present value of the market rent for the goods.[5] But, where "the lessor is unable after reasonable effort to dispose of [the goods] at a reasonable price or the circumstances reasonably indicate that effort will be unavailing,"

---

it had to give BridgeCenters an appropriate credit against the award.

[2] (Punctuation omitted.) *Universal Mgmt. Concepts v. Noferi*, 270 Ga. App. 212, 214 (1) (605 SE2d 899) (2004).

[3] See 9 USC § 1 et seq.

[4] 9 USC § 11. See also *Offshore Marine Towing v. MR23*, 412 F3d 1254, 1256 (11th Cir. 2005).

[5] See OCGA §§ 11-2A-528 (1) (ii); 11-2A-527 (2).

OCGA § 11-2A-529 (1) (b) allows the lessor to recover the present value of all rent for the remaining lease term.

The arbitrator found OCGA § 11-2A-529 applicable in this case. In his written award, the arbitrator noted that OCGA § 11-2A-529 applies when the lessor has possession of, but is unable after reasonable effort to dispose of, the leased goods. He then calculated damages under this provision. It is clear that the arbitrator determined Lanier was not able to dispose of the leased equipment despite reasonable effort, bringing this case within OCGA § 11-2A-529 (1) (b).

The trial court, however, refused to apply OCGA § 11-2A-529 (1) (b). It asserted that Lanier had "not shown *the Court*" that it was unable — after reasonable effort — to dispose of the equipment.[6] It then calculated damages based on OCGA § 11-2A-528 (1) (ii). Finding that the present market value of the equipment was at least equal to the present value of future rent due under the lease, it concluded that Lanier was not entitled to any damages for future lease payments. The trial court thus drastically reduced the damages awarded by the arbitrator.

We cannot agree with the trial court's ruling. When presented with a petition to confirm an arbitration award, a trial court "may not inquire into the merits of the dispute or consider the sufficiency of the evidence."[7] A confirmation proceeding does not create a forum for relitigating arbitrated issues.[8] As noted above, the trial court's scope of review is extremely narrow, and with respect to modification, that scope is governed by the statutory grounds provided in 9 USC § 11.

None of these statutory grounds exists here. The parties submitted the issue of damages to the arbitrator.[9] And the trial court did not find any material *miscalculation* of figures in the arbitrator's award, mistake in the award's descriptions, or imperfection in the form of the award.[10] Rather, it substituted its judgment for that of the arbitrator as to whether Lanier had shown an inability to reasonably dispose of the equipment, and it penalized Lanier for not relitigating the issue at the trial court level. This it cannot do.[11]

On appeal, Tucker argues that the trial court properly modified the award because the arbitrator manifestly disregarded the law. We

---

[6] (Emphasis supplied.)

[7] *Malice v. Coloplast Corp.*, 278 Ga. App. 395, 398 (629 SE2d 95) (2006).

[8] See *Kergosien v. Ocean Energy*, 390 F3d 346, 357-358 (5th Cir. 2004); *O. R. Securities v. Professional Planning Assoc.*, 857 F2d 742, 747-758 (11th Cir. 1988).

[9] See 9 USC § 11 (b).

[10] See 9 USC § 11 (a), (c).

[11] See *Kergosien,* supra at 357 (" 'Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.' ").

question whether manifest disregard for the law presents a proper ground for modifying an arbitration award.[12] But even if a modification order can rest on this ground, no such disregard occurred here.

In ascertaining whether an arbitrator manifestly disregarded the law,

> [w]e first consider whether the governing law alleged to have been ignored by the arbitrator was well defined, explicit, and clearly applicable. We then look to the knowledge actually possessed by the arbitrator. The arbitrator must appreciate the existence of a clearly governing legal principle but decide to ignore or pay no attention to it. Both of these prongs must be met before a court may find that there has been a manifest disregard of law. [Cit.] An error in interpreting the applicable law does not constitute "manifest disregard." The applicable law must have been deliberately ignored.[13]

Tucker does not specify which law he believes the arbitrator manifestly disregarded. Perhaps he contends the arbitrator ignored the requirement in OCGA § 11-2A-529 (1) (b) that the lessor make a reasonable effort to dispose of the equipment. Nothing in the arbitration award, however, supports this contention. On the contrary, the arbitrator acknowledged the requirement, then found that "[u]nder the facts of this case," OCGA § 11-2A-529 (1) (b) applied. In short, Tucker has not shown that the arbitrator disregarded OCGA § 11-2A-529 or any other legal provision in resolving the dispute.[14]

The trial court's decision to modify the arbitrator's award resulted from an improper review of the sufficiency of the evidence supporting the award.[15] Accordingly, we reverse.

2. Given our holding in Division 1, we need not address Lanier's remaining enumerations of error.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006.

---

[12] See *Malice*, supra (manifest disregard is a nonstatutory basis for *vacating* an arbitration award under 9 USC § 10).

[13] (Punctuation omitted.) Id.

[14] See *O. R. Securities*, supra at 747 ("If a court is to vacate an arbitration award on the basis of a manifest disregard of the law, there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it.").

[15] See *Malice*, supra.

*Wargo & French, Joseph S. Carr*, for appellant.
*James B. Rhoads*, for appellees.