A08A0076. LAWAL v. FIRST ACCEPTANCE SERVICES, INC.
(662 SE2d 376)

ADAMS, Judge.

"The Lawal" filed suit against First Acceptance Services, Inc. alleging breach of contract, bad faith, deceit, a pattern of deceptive conduct and negligence. The complaint was signed by "Shade Lawal." "Shade Lawal" was also listed as the "Attorney or Party Filing Suit" on the disclosure statement filed with the complaint. On the Sheriff's Entry of Service, "Shade Lawal" was listed under the heading "Attorney's Address" and "The Lawal" was listed as the plaintiff. On the general information filing sheet, the box to indicate a pro se action was not checked.

First Acceptance answered the complaint, and subsequently filed a motion for protective order seeking a ruling that it did not have to respond to plaintiff's discovery because the individual propounding the interrogatories, Shade Lawal, was not the named plaintiff in the case and therefore could not represent the plaintiff, or anyone other than himself, since he was not an attorney licensed to practice law in this State. First Acceptance also filed a motion to dismiss on this basis. Shade Lawal and his wife Emma Lawal responded to the motion to dismiss, arguing, inter alia, that First Acceptance had failed to show that Shade Lawal was not representing his own interest in the litigation. A motion to amend was also filed, signed by Emma and Shade Lawal, seeking to have the complaint amended to reflect that the plaintiffs in this case were Emma Lawal and Shade Lawal, and that both were proceeding pro se. The trial court did not specifically rule on the motion to amend, but granted First Acceptance's motion to dismiss after a hearing. This appeal followed.

On appeal, Shade Lawal argues that the trial court erred in dismissing the case without ruling on the motion to amend and by concluding that he was representing someone other than himself. Additionally, he argues he was denied his "constitutional rights from defending himself." However, as set forth above, the complaint and accompanying documents in this case show the plaintiff to be "The Lawal" and the attorney to be "Shade Lawal." Shade Lawal is not a licensed attorney, and it is "unlawful for any person other than a duly licensed attorney at law . . . [t]o practice or appear as an

attorney at law for any person other than himself in any court of this state or before any judicial body." OCGA § 15-19-51 (a) (1). See also *Morton v. Horace Mann Ins. Co.*, 282 Ga. App. 734, 739-740 (3) (639 SE2d 352) (2006) (OCGA § 15-19-51 bars a husband from representing his wife in a negligence action when the husband is not a licensed attorney). Thus, Shade Lawal could not represent "The Lawal" or any person except himself in this action.

In his motion to amend the complaint, Shade Lawal suggests that "The Lawal" includes himself and his wife. But there is no evidence that "The Lawal" is the name of a natural person or any other legally cognizable entity.

> An action can not be maintained in a name as plaintiff which is neither that of a natural person, a partnership, nor of such artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion.

(Citation and punctuation omitted.) *Russell v. O'Donnell*, 132 Ga. App. 294, 296 (2) (208 SE2d 107) (1974). See also *Brand v. Southern Employment Svc.*, 247 Ga. App. 638 (545 SE2d 67) (2001). Based on the foregoing, we find the trial court did not err in dismissing the complaint.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 22, 2008.

Shade Lawal, *pro se.*
*Groth & Makarenko, Nikolai Makarenko, Jr.*, for appellee.