**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 16, 2014**

# In the Court of Appeals of Georgia

A13A2140. CBS, INC. v. ANOINTED HAIR STUDIO, INC.

RAY, Judge.

CBS Inc. sued Anointed Hair Studio, Inc., alleging nonpayment of fees due for the rental of advertising space on two billboards. After a bench trial resulting in judgment for Anointed Hair, CBS appealed, alleging that the trial court erred in (1) admitting testimony, over objection, involving a different contract from the one at issue in CBS's suit; (2) basing its decision not to award damages to CBS in part on testimony about what CBS contends is the irrelevant contract; and (3) finding that CBS failed to prove damages by a preponderance of the evidence because its documentation was incomplete. For the reasons that follow, we reverse and remand for further proceedings consistent with this opinion.

"The trial court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact." (Punctuation and footnote omitted.) *Slaick v. Arnold*, 316 Ga. App. 141, 142 (728 SE2d 782) (2012). "However, the court's judgment in a non-jury trial will be reversed where it is apparent that it rests on erroneous reasoning or on an erroneous legal theory." (Citations omitted.) *CRS Sirrine, Inc. v. Dravo Corp.*, 213 Ga. App. 710, 721 (4) (445 SE2d 782) (1994) (finding that judgment must be reversed where trial court's factual findings were inconsistent).

Properly viewed, the facts show that CBS and Anointed Hair entered into an agreement in 2010 in which CBS sold advertising space on two billboards to Anointed Hair. In 2011, CBS and Anointed Hair entered into a separate contract, which by its own terms cancels and supersedes the 2010 contract. The 2010 contract was not before the trial court, nor is it in the record before this Court. The 2011 contract states that CBS will provide two billboards for 13 periods, running from February 7, 2011, through February 5, 2012, at a total cost of $1,700 per period. In addition, the 2011 contract also provides that a "space available bonus billboard should be installed on Memorial Drive *when space allows*" at no additional cost to

2

Anointed Hair. (Emphasis supplied). It is undisputed that Anointed Hair never received advertising space on any free, bonus billboard.

On August 27, 2012, CBS filed suit on the 2011 contract only, alleging that Anointed Hair had failed to pay for six of the seven billboard rental periods between July 1, 2011, and January 1, 2012, and claiming damages of $10,200. Anointed Hair answered, but the trial court struck that answer because it was not filed by a licensed attorney, entered a default judgment in favor of CBS as to liability only, and scheduled a hearing for presentation of proof of the amount of damages.

After the hearing, the trial court entered an order finding that CBS had failed to prove its damages by a preponderance of the evidence. The order, in granting judgment to Anointed Hair, also appears to find that Anointed Hair is due a "pro-rated credit" under the terms of the 2011 contract, because it did not receive free billboard advertising space under the terms of the 2010 contract. Specifically, the trial court's order finds that the parties negotiated a contract for billboard advertising services in January 2010, and that as an additional contract term, CBS was to provide a bonus billboard at no cost to Anointed Hair. The trial court further found that in January 2011, the parties executed a new contract for the remainder of the term that superseded the original contract, and that the new contract provided that Anointed

3

Hair would receive free advertising space on a Memorial Drive billboard "when space allows." The trial court's order states that "[a] copy of the initial contract, executed in January 2010, has not been provided to the Court" but found that a witness for CBS "admits the 2010 contract did not limit the provision of the bonus billboard to a 'space available' basis." The trial court then determined that CBS failed to prove its damages by a preponderance of the evidence, listing as one of the bases for its decision that CBS provided itemized transactions from 2011 only, and not from 2010, and that because "payments appear to be assigned haphazardly to prior and current invoices" it needed the records from 2010. Then, the trial court found that because CBS did not provide a free, bonus billboard under the guarantee of the 2010 contract, the only available remedy under the 2011 contract was for a "pro-rated credit." The trial court found that it could "only presume . . . [that CBS] chose to provide pro-rated credit as compensation for its failure to provide the bonus under the 2010 contract. [CBS] has provided no evidence this credit was provided. . . . The Court awards judgment to [Anointed Hair]."

1. The trial court's order is unclear. As an initial matter, in basing portions of its order on the 2010 contract, the trial court appears to be ruling on an amended answer and counterclaim that Anointed Hair filed contemporaneously with a motion

4

to set aside the default judgment. The counterclaim was filed after the trial court struck Anointed Hair's answer and entered a default judgment, and about seven months after the time to file defensive pleadings had passed. Neither a compulsory nor permissive counterclaim may be filed after the time to file defensive pleadings, absent permission by the court to assert such an amendment. See *C. J. Aycock v. Household Finance Corp. of Ga.*, 142 Ga. App. 207, 208 (1) (235 SE2d 578) (1977); OCGA § 9-11-13 (f). Also, the late filing of counterclaims "is permitted only as an amendment to pleadings already on file." *Ragan v. Smith*, 188 Ga. App. 770, 771 (1) (374 SE2d 559) (1988), citing *Electro-Kinetics Corp. v. Wilson*, 122 Ga. App. 171, 172 (2) (176 SE2d 604) (1970). Because the trial court in the instant case had granted CBS's motion to strike Anointed Hair's answer and had entered a default judgment in CBS's favor, it is unclear whether the trial court's order means to grant the motion to open default and allow the counterclaim.

This ambiguity in the trial court's order goes directly to CBS's first enumeration. CBS argued that because its damages claims revolved only around the 2011 contract, the trial court erred in admitting, over its objection as to relevance, testimony related to the 2010 contract. If the trial court meant to set aside the default and allow Anointed Hair's counterclaim, evidence of the 2010 contract could be

relevant such that the trial court did not abuse its discretion in admitting such evidence over objection. If the trial court did not mean to allow the counterclaim, evidence of the 2010 contract could be deemed irrelevant and the trial court could have abused its discretion in admitting it. See *Corey v. Clear Channel Outdoor, Inc.*, 299 Ga. App. 487, 492 (2) (683 SE2d 27) (2009).

This lack of clarity also affects our ability to analyze CBS's second enumeration of error. CBS contends that the trial court erred in finding that, inter alia, because CBS did not present evidence of invoices and payments under the 2010 contract, its record of account was "incomplete" and resulted in a failure to prove damages by a preponderance of the evidence under the 2011 contract. As above, absent clarity on whether the trial court meant to set aside the default and allow the counterclaim, it is unclear whether admission of evidence of the 2010 contract was an abuse of discretion. See id.

"We will not speculate whether or not the trial court intended to modify its previous conclusions . . . [and] [u]ntil the trial court clarifies its conclusions . . . we are unable to fully review [CBS's] claim[.]" (Footnote omitted.) *CRS Sirrine, Inc.*, supra at 721 (4). Accordingly, we reverse the judgment and remand the case for the trial court to clarify its judgment on the above issues and enter a new judgment in

accordance with this opinion. The right of any party to appeal from the entry of a new judgment is preserved.

2. CBS also contends that the trial court erred in entering judgment for Anointed Hair by providing an "offset" in the form of free billboard advertising space under the language of the 2011 contract as a remedy for CBS's failure to provide free advertising space under the 2010 contract. In its order, the trial court specifically found that a pro-rated credit was available because, even though the trial court had never seen the 2010 contract, a witness for CBS "admits the 2010 contract did not limit the provision of the bonus billboard to a 'space available' basis."

Pretermitting whether evidence of the 2010 contract should have been admitted, see Division 1, supra, there is no evidence in the record to support the trial court's conclusion that the 2010 contract, which the trial court never saw, guaranteed free, bonus billboard space. Contrary to the trial court's order, the witness for CBS never testified that the 2010 contract guaranteed a free billboard. Rather, in response to a statement from Anointed Hair's attorney that under the "original contract that was signed in 2010 . . . the free billboard *was promised* to my client" (emphasis supplied), CBS witness Geri Colligan testified that she had "no knowledge" of any original promise. She never testified as to any guarantee of free billboard space in the

2010 contract. Further, Anointed Hair's chief executive officer, Fumni Ogunkunle, also never testified that the bonus billboard was guaranteed under the 2010 contract. Rather, she testified that "anywhere there is space they are going to give it to me" and that when she called about getting the free space, she was told "there is no space left, when there is space they will give it to me."[1]

Because there was no evidence in the record to support the trial court's conclusion on this issue, we must reverse. *Slaick*, supra at 145 (2).

*Judgment reversed and case remanded. Barnes, P. J., and Miller, J., concur.*

---

[1] Because the trial court's order does not address the provision of free, bonus billboard space under the 2011 contract in the context of an offset or remedy, we do not address this issue.