**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**

**https://www.gaappeals.us/rules**

**March 6, 2025**

# In the Court of Appeals of Georgia

A24A1248. J. WALKER & ASSOCIATES, LLC v. SALEEM et al.

DOYLE, Presiding Judge.

J. Walker & Associates, LLC ("Walker") appeals from an order awarding Stephanie Saleem damages and Toronto Roberts attorney fees in an action related to an attorney fee lien filed by Walker on their property. For the reasons that follow, we affirm the trial court's denial of Walker's motion for summary judgment, reverse the award of damages to Saleem, and vacate the award of attorney fees to Roberts, remanding for further proceedings consistent with this opinion.

In October 2019, Saleem retained Walker to represent her in divorce proceedings against Roberts, but due to a fee dispute, Saleem terminated Walker's representation in July 2020 and engaged new counsel prior to the entry of the final

divorce decree in November 2020. Among the assets disposed of pursuant to the divorce decree was a home jointly owned by Saleem and Roberts. In October 2020, Walker filed an attorney fee lien on this property in the amount of $187,445 based on a claim of outstanding legal fees.

The divorce decree awarded both Saleem and Roberts interests in the property, but because neither the court nor the parties were aware of the existence of Walker's attorney fee lien, the decree did not take it into account. Saleem and Roberts learned of the lien when the home was sold in March 2021 pursuant to the divorce decree, and an amount equal to the lien was placed in escrow pending resolution of the disputed attorney fees.[1]

Walker and Saleem submitted the fee dispute to arbitration. On August 29, 2022, the arbitration panel found that there was no enforceable written fee agreement between Walker and Saleem but awarded Walker $20,000 in attorney fees.

On September 21, 2022, Saleem filed a complaint for interlocutory injunction against Walker seeking release of the attorney fee lien and $50,000 in money damages.

---

[1] In July 2021, Roberts petitioned for contempt against Saleem because the lien was preventing him from receiving his share of the equity from the proceeds of the sale of the home pursuant to the divorce decree. In February 2022, Saleem was held in contempt and ordered to pay Roberts $1,000 per month, starting in April 2022 until the fee dispute was resolved and the lien was released.

On February 14, 2023, Walker filed a complaint for breach of contract, quantum meruit, and unjust enrichment against Saleem, seeking $180,000 in money damages and attorney fees.[2] That same day, Walker also filed a petition to vacate the arbitration award. Thereafter, Roberts moved to be joined as a plaintiff in Saleem's action against Walker, seeking removal of the lien and requesting attorney fees. Following a July 26, 2023 hearing,[3] the trial court consolidated Saleem's and Walker's claims against one another into a single action and added Roberts as a plaintiff to that action.

On July 27, 2023, the trial court entered an order confirming the arbitration award, declaring Walker's attorney fee lien void, and ordering Walker to release the lien. The trial court further directed that, pursuant to the confirmed award, $20,000 of the funds held in escrow be remitted to Walker following removal of the lien and for Roberts to receive the remainder of those funds. Walker removed the lien and received the $20,000 in awarded attorney fees. The order left open the issues of Saleem's claim for money damages and Roberts's attorney fees claim.

On August 18, 2023, the trial court served notice on the parties of a November

---

[2] Saleem's answer denied any indebtedness to Walker, citing the findings and results of the arbitration panel.

[3] At the hearing, Saleem offered to dismiss her claim for money damages against Walker if Walker agreed to do likewise, but Walker refused.

8, 2023 hearing on attorney fees. On November 8, 2023, the trial court convened the hearing as noticed to consider the following outstanding issues: Roberts's request for attorney fees against Walker for having to bring the lawsuit, Walker's request for attorney fees against Saleem and Roberts for having to defend the lawsuit, and Saleem's claim for money damages against Walker. At the hearing, Roberts's counsel accounted for the time she had spent on the case and her hourly rate. Saleem pointed to the fact that, due to Walker's attorney fee lien, she had been found in contempt against Roberts and was required to advance $1,000 per month to Roberts from April 2022 to July 2023, when the lien was removed. Walker reasserted the validity of the original fee agreement between Saleem and Walker, but the trial court noted that the arbitration panel had found it unenforceable and that Walker had not filed a petition to vacate the award until February 14, 2023, six months after it was granted. Additionally, Walker claimed that Saleem's petition to confirm the arbitration award and release the lien was untimely. The trial court disagreed but provided Walker 30 days to brief the matter.

On December 4, 2023, Walker filed a motion for an emergency hearing based on the discovery of new evidence and Saleem's unwillingness to dismiss her claims. Attached as exhibits to the motion were copies of the arbitration award, Walker's

4

attorney fee lien, and a section of the State Bar's Handbook on Arbitration of Fee Disputes. Each of these items had already been introduced and considered by the trial court by the time of the July 26, 2023 hearing.

Walker filed an amended complaint asserting two additional causes of action against Saleem for fraud and attorney fees under OCGA § 13-6-11. These newly raised claims were based upon the same facts and circumstances considered by the trial court at the July 26, 2023 hearing. Walker also filed a motion for summary judgment as to the enforceability of the original fee agreement between Saleem and Walker.

Walker moved to dismiss Saleem's claims on the basis that James L. Walker, Jr., the individual, was not a proper party to the lawsuit given that the attorney fee lien was separately held by J. Walker & Associates, LLC, the law firm. Walker also filed (1) a request for findings of fact and conclusions of law under OCGA § 9-11-52 in connection with its motions to dismiss and for summary judgment, and (2) a brief purportedly in compliance with the court's request for authority supporting Walker's contention that Saleem's petition to confirm the arbitration award was untimely.

On December 11, 2023, the trial court entered a final order in which it (1) denied Walker's motion for emergency hearing, finding that no new evidence had been submitted in support of the motion and that Saleem was not required to dismiss

her lawsuit against Walker; (2) denied as moot Walker's motion to dismiss, finding (a) that because the arbitration award listed James L. Walker, Jr., as the respondent, Saleem had correctly brought her action against him in the first instance, and (b) that when consolidating the actions, the trial court had corrected any discrepancy by restyling the case to list J. Walker & Associates, LLC as the defendant; (3) denied Walker's motion for summary judgment, finding (a) that Saleem had timely petitioned to confirm the arbitration award under OCGA § 9-9-12, (b) that Walker had failed to timely petition to vacate the award under OCGA § 9-9-13 (a), and (c) that the trial court's order confirming the award was otherwise unappealed; (4) denied Walker's request for attorney fees under OCGA § 13-6-11; (5) awarded Saleem $15,000 in money damages based on the time between April 2022 and July 2023 during which she was required to advance Roberts $1,000 monthly under the contempt order resulting from the lien Walker had placed on her property; and (6) awarded Roberts $4,025 in attorney fees pursuant to OCGA § 9-15-14. This appeal followed.

1. Walker contends that the trial court erred by awarding damages to Saleem in the absence of any cause of action or factual findings supporting the damages award. We agree.

"The trial court is the trier of fact in a bench trial, and its findings will be

upheld on appeal if there is any evidence to support them."[4] Pretermitting whether Saleem adequately stated a cause of action for damages related to the attorney fee lien on her property, the record contains no evidence of damages actually incurred by Saleem as a result of the lien.

Walker's attorney fee lien initially prevented Roberts from receiving his share of the equity in the home after its sale pursuant to the divorce decree. And because of Walker's attorney fee lien, Saleem was held in contempt and ordered to advance $1,000 per month to Roberts in equitable division of property payments from April 2022 to July 2023, when the lien was removed. These $1,000 contempt assessments, however, were prepayments for moneys already owed to Roberts under the divorce decree. Moreover, the record does not reflect that Saleem actually made any of these payments to Roberts.[5] Once the lien was removed in July 2023, Roberts received all escrowed funds in satisfaction of his full equitable interest in the sale proceeds, relieving Saleem of her monthly obligations to Roberts under the contempt order as a result of Walker's lien. Therefore, the record contains no evidence that Saleem

---

[4] (Punctuation omitted.) *CBS, Inc. v. Anointed Hair Studio, Inc.*, 325 Ga. App. 560, 560 (754 SE2d 138) (2014).

[5] The trial court's order notes that Saleem was required to advance $1,000 per month to Roberts under the contempt order but does not find that Saleem complied with this requirement.

currently owed or had previously paid any amounts to Roberts as a result of Walker's attorney fee lien, and the trial court erred by awarding Saleem money damages without a sufficient factual basis. Accordingly, we reverse this portion of the trial court's order.

2. Walker next contends that the trial court's award of money damages to Saleem should be vacated because the trial court failed to make specific findings of fact and conclusions of law in support of the award. Based on our holding in Division 1, this enumeration is moot.

3. Walker contends that the trial court erred by awarding attorney fees to Roberts under OCGA § 9-15-14 without making sufficient findings of fact and conclusions of law. We agree.

> An award under OCGA § 9-15-14 (a) is mandated when a party has asserted a defense with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted defense. An award under OCGA § 9-15-14 (b) is permitted when a party's defense of an action lacked substantial justification; was substantially frivolous, substantially groundless, or substantially vexatious; when the defense was interposed for delay or harassment, or when a party unnecessarily

expanded the proceeding by other improper conduct.[6]

> [A]n order awarding attorney fees pursuant to OCGA § 9-15-14 *must specifically state whether the award is made under OCGA § (a) or (b).* Additionally, the court must make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it. Specificity in the award is important because the standards of appellate review are different under each subsection: the standard under subsection (a) is the "any evidence" rule; the standard under subsection (b) is abuse of discretion.[7]

Although the trial court's order found that Walker had "persistently continued to prolong this matter by being stubbornly litigious," the order awarding attorney fees to Roberts does not specify the subsection of OCGA § 9-15-14 under which it was made and does not contain the findings necessary to support such an award. For this reason, we must vacate the trial court's award of attorney fees and remand for further proceedings consistent with this opinion.

4. Finally, Walker contends that the trial court erred by denying its motion for summary judgment because it lacked a factual or legal basis to do so and failed to convene a hearing on the motion pursuant to Uniform Superior Court Rule

---

[6] (Citations and punctuation omitted.) *Fulton County School Dist. v. Hersh*, 320 Ga. App. 808, 814 (2) (740 SE2d 760) (2013).

[7] (Citations and punctuation omitted; emphasis in original.) Id. at 814-815 (2).

("USCR") 6.3. We disagree.

"In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review and consider the evidence with all reasonable inferences therefrom in favor of the party opposing summary judgment."[8] Here, Walker moved for summary judgment on the issue of the enforceability of the original fee agreement with Saleem. Specifically, Walker asked the trial court to rule that, per the agreement, Saleem owed Walker $180,000 plus attorney fees and court costs or, in the alternative, to set aside the arbitration award.

Nevertheless, the doctrine of res judicata applies in the context of a motion for summary judgment.[9] "There are three prerequisites to the application of res judicata: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction."[10] As noted above, Walker's motion for summary judgment was on the same issue litigated by the

---

[8] *Smith v. Chandler*, 256 Ga. App. 440, 440 (568 SE2d 592) (2002).

[9] See *Bennett v. Cotton*, 244 Ga. App. 784, 785 (1) (536 SE2d 802) (2000) ("Under Georgia law, preclusion doctrines apply to arbitration proceedings. And preclusion doctrines apply to a cause of action even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added.") (citation and punctuation omitted).

[10] *Smith v. Lockridge*, 288 Ga. 180, 185 (4) (702 SE2d 858) (2010).

arbitration panel. Further, the parties to the motion for summary judgment represent interests identical to the parties to whom the arbitration decision applied.[11] Finally, the trial court's order confirming the arbitration award constituted a prior adjudication on the merits of the issue on which Walker moved for summary judgment.[12]

In its order denying Walker's motion for summary judgment, the trial court noted that the arbitration panel found no enforceable written fee agreement between Walker and Saleem. Further, the trial court found that Saleem had timely petitioned to confirm the award under OCGA § 9-9-12 and that Walker had failed to timely petition to vacate the award under OCGA § 9-9-13 (a). The trial court confirmed the arbitration award in an order that Walker did not appeal.[13] Thus, the trial court

---

[11] To the extent that James L. Walker, Jr., was listed as the respondent on the arbitration award and J. Walker & Associates, LLC, was the defendant moving for summary judgment in the proceedings below, this distinction is immaterial because both entities are privies with identical interests in the claimed attorney fees. See *Lilly v. Heard*, 295 Ga. 399, 404 (2) (c) (761 SE2d 46) (2014) ("A privy is generally defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.") (punctuation omitted).

[12] See *Lockridge*, 288 Ga. at 185 (4).

[13] See *Lanier Worldwide, Inc. v. BridgeCenters at Park Meadows, LLC*, 279 Ga. App. 879, 881 (1) (633 SE2d 49) (2006) ("A confirmation proceeding does not create a forum for relitigating arbitrated issues."). See also *Malice v. Coloplast Corp.*, 278 Ga. App. 395, 397-398 (629 SE2d 95) (2006) ("Georgia law is clear that the authority of courts to review an arbitration award is very limited; courts cannot inquire into the

correctly denied Walker's motion for summary judgment on this previously adjudicated matter.

Further, the trial court did not err in denying Walker's motion for summary judgment without a hearing. USCR 6.3 provides that "all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing[.]" USCR 6.3 permits oral argument on a motion for summary judgment "upon written request made in a separate pleading bearing the caption of the case and entitled 'Request for Oral Hearing,' and provided that such pleading is filed with the motion for summary judgment or filed not later than five . . . days after the time for response." Walker, having filed no request for an oral hearing on its motion for summary judgment, was not entitled to one.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded with direction. Hodges and Watkins, JJ., concur.*

---

merits of an arbitrable controversy; . . . when a motion to vacate or confirm an arbitration award is before the court, the court may not inquire into the merits of the dispute or consider the sufficiency of the evidence.") (citations and punctuation omitted).