**SECOND DIVISION**
**MARKLE, J.,**
**LAND and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 10, 2025**

# In the Court of Appeals of Georgia

A24A1456. TOMALA v. HARRIS.

MARKLE, Judge.

Rick Harris sued Wilson Tomala d/b/a Paul Davis Restoration, Inc. ("Tomala") for performing defective repairs on Harris's home, bringing claims for breach of contract and attorney fees pursuant to OCGA § 13-6-11. Tomala failed to file a timely answer, and the trial court entered a default judgment. After a bench trial on the issue of damages, the trial court awarded damages and attorney fees against him. Tomala appeals from the award, contending the trial court erred by considering allegations of fact in the complaint that were not well-pled; precluding him from presenting contractual defenses and other evidence showing he was not liable for the

breach; and awarding attorney fees where the underlying claim failed. For the reasons set forth below, we reverse the trial court's judgment.

> The trial court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact. However, the court's judgment in a non-jury trial will be reversed where it is apparent that it rests on erroneous reasoning or on an erroneous legal theory.

(Citations and punctuation omitted.) *CBS, Inc. v. Anointed Hair Studio, Inc.*, 325 Ga. App. 560, 560-561 (754 SE2d 138) (2014).

As alleged in the complaint, Tomala does business as Paul Davis Restoration, Inc. In 2016, Harris and Tomala contracted for Tomala to repair storm damage to Harris's home, including replacing the roof, vents, insulation, fascia, soffit, and gutters. The complaint recites that it incorporates the attached contract by reference. The contract, which is not signed by either party,[1] displays "Paul Davis" in large print in the upper left corner, and names both "Paul Davis Restoration of North Atlanta" and "Paul Davis Restoration & Remodeling of North Atlanta." Notably, neither Tomala's name nor Paul Davis Restoration, Inc. appears on the contract. The contract

---

[1] The parties do not dispute the enforceability of the contract, generally.

2

lists the total cost of repairs as $16,979.95. The complaint alleges that Harris paid Tomala the full amount.

As further alleged in the complaint, two years after the repairs were completed, Harris noticed brown spots in the drywall throughout his home and a leak in the living room ceiling. Tomala's representative determined that the water intrusion was due to installation of an incorrect boot. Following further inspections, other roofing companies informed Tomala that the repairs were defective and not performed in a good, workmanlike manner; and the defective repairs voided the warranty from the shingle manufacturer. Harris thus alleged that Tomala's failure to properly install the roof breached the contract. And, as a result of the breach, Harris incurred damages to replace the roof and to repair the interior of the home damaged as a result of the defective roof. Finally, the complaint alleges that Tomala "has been stubbornly litigious, has acted in bad faith and has caused [Harris] unnecessary trouble and expense."

After Harris perfected service, Tomala failed to answer.[2] The trial court thus entered a default judgment against him, and set the matter for trial on the remaining issues of damages and attorney fees. Prior to trial, Harris filed a motion in limine seeking to prohibit Tomala from presenting evidence that he did not contract with Harris, that he did not do business as Paul Davis Restoration, Inc., or that another entity performed the defective repairs. The trial court took the motion under advisement, and allowed the parties to proceed with the presentation of evidence.

At trial, Harris admitted that he contracted with Paul Davis of North America; he never met with Tomala; and he did not pay Tomala directly for the repairs. Tomala testified that he owns GSAT Restoration, Inc. d/b/a Paul Davis Restoration of North Atlanta; he never met Harris; and he did not personally receive the funds for the repairs.

---

[2] It appears from the record that an answer was filed on Tomala's behalf by a non-party individual, who did not profess to be a licensed attorney. The trial court thus disregarded all pleadings filed by this individual. See *Lawal v. First Acceptance Svcs.*, 291 Ga. App. 638, 638-639 (662 SE2d 376) (2008) ("[I]t is unlawful for any person other than a duly licensed attorney at law to practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body.") (citations and punctuation omitted); OCGA § 15–19–51(a)(1).

The trial court issued findings of fact and conclusions of law, in which it found that, by virtue of the default, Harris had contracted with Tomala for the repairs, and that Tomala improperly installed the roof; thus, breaching the contract and causing Harris to incur additional damages in repairing the defective roof. Additionally, the trial court found that, by virtue of the default, Tomala admitted he had been stubbornly litigious, acted in bad faith, and caused unnecessary trouble and expense. The trial court awarded Harris in excess of $21,000 in damages, and $19,000 in attorney fees against Tomala. As to the motion in limine, the trial court deemed it moot, noting "the testimony requested to be excluded was not considered by the court pursuant to Georgia law on the effects of a default judgment secured against [Tomala]." This appeal followed.

1. In related enumerations of error, Tomala argues that the trial court erred when it concluded that the complaint's assertion that he had entered into a contract with Harris was a well-pled factual allegation; and by failing to consider his contractual defenses and other evidence presented at trial. We agree that the trial court erred in concluding Tomala was a party to the contract solely by virtue of the default.

As we have explained,

a default operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. A defendant in default has admitted each and every material allegation in a plaintiff's complaint except the amount of damages, and the defendant is estopped from offering any defenses that would defeat the right of recovery. In addition, defenses which go to the right of recovery are not available to the defendant in default even though the same defense may also go to the assessment of damages. That being said, conclusions of law, facts not well pled, and forced inferences are not admitted by a default judgment. Simply stated, while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.

(Citations and punctuation omitted.) *Contour Sierra, LLC v. Williams*, 370 Ga. App. 74, 76-77 (1) (894 SE2d 127) (2023); see also OCGA § 9-11-55 (a).

When a defendant is in default, we resolve all doubts regarding the sufficiency of the allegations of the complaint in favor of the plaintiff, as we would on a motion to dismiss for failure to state a claim. See *Azarat Mktg. Group v. Dept. of Admin.*

*Affairs*, 245 Ga. App. 256, 257-258 (1) (b) ( 537 SE2d 99) (2000); see also *Zhong v. PNC Bank*, *N.A.*, 345 Ga. App. 135, 140 (2) (b) (812 SE2d 514) (2018).

> Indeed, the burden is on the defendant to show that under the factual allegations of the complaint, as deemed admitted, no claim existed which would allow the plaintiff to recover, but there is no requirement that the defendant file a motion to open default or set aside before making this showing. Thus, a default does not preclude [Tomala] from showing that, under the facts as deemed admitted, no claim existed which would allow the plaintiffs to recover. Such an argument does not eliminate a defendant's admissions by default; it merely requires the court to determine whether the defendant has met his burden of showing that the admissions do not establish liability.

(Citations and punctuation omitted.) *Contour Sierra, LLC*, 370 Ga. App. at 77 (1).

Importantly, here, Harris incorporated the contract for services into the complaint, and attached the contract to the complaint. And, the contract makes no mention of Tomala or Paul Davis Restoration, Inc., his alleged trade name. The contract therefore conflicts with the fundamental allegation of the complaint — that Harris contracted with Tomala, individually, to perform the repairs.

It is well-settled that "[t]o the extent that there is any discrepancy between the allegations in the complaint and the exhibits attached to it, the exhibits control."

7

*Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 172 (733 SE2d 457) (2012) (on motion to dismiss for failure to state a claim); *Gilham v. Stamm & Co.*, 117 Ga. App. 846 (162 SE2d 248) (1968) (reversing denial of motion to set aside default judgment of individual defendant in suit on open account, concluding exhibits showing debt charged to corporate defendant alone controlled over allegations of complaint), overruled on other grounds by *Escambia Chem. Corp. v. Rocker*, 124 Ga. App. 434 (184 SE2d 31) (1971); see also OCGA § 9-11-10 (c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof *for all purposes*.") (emphasis supplied).

Looking to the four corners of the incorporated contract, as we must, Tomala is clearly not a party to it.[3] As such, the complaint's assertion that Harris contracted with Tomala to perform the repairs, and that Tomala breached the contract[4] were not

---

[3]As set forth above, the contract names Paul Davis Restoration of North Atlanta as the contracting party, which, as Tomala testified, is the actual trade name of the corporate entity he owns. Regardless, Harris did not seek to pierce the corporate veil to hold any individual liable. See *Clark v. Cauthen*, 239 Ga. App. 226, 227 (2) (520 SE2d 477) (1999) ("The law of corporations is founded on the legal principle that each corporation is a separate entity, distinct and apart from its stockholders, and insulation from liability is an inherent purpose of incorporation.") (citations and punctuation omitted).

[4]     The elements of a breach of contract claim are breach and

well-pled allegations of fact. *See EnduraCare Therapy Mgmt. v. Drake*, 298 Ga. App. 809, 814 (1) (681 SE2d 168) (2009) ("After a defendant defaults, we treat as true only the well-pled factual allegations; forced inferences and conclusions of law cannot demonstrate a claim."); *Fink v. Dodd*, 286 Ga. App. 363, 366 (1) (a) (649 SE2d 359) (2007) (following defendant's default, plaintiff failed to state claim for wrongful termination because the well-pled allegations of the complaint failed to establish she was "anything other than an at-will employee"). The trial court thus erred in concluding otherwise.

In light of this decision, we do not reach Tomala's argument that the trial court erred by failing to consider his contractual defenses and other evidence of record.

2. Tomala next argues that the trial court erred in awarding attorney fees against him where there was no valid underlying cause of action. We agree.

---

> resultant damages to a party with the right to complain about the breach. A breach occurs if *a contracting party* repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible.

(Citation omitted; emphasis supplied.) *Liggins v. Parkwood Living*, 373 Ga. App. 140, 145 (2) (a) (907 SE2d 731) (2024).

Because Harris's breach of contract claim failed, as discussed above, his claim for attorney fees pursuant to OCGA § 13-6-11 also fails. See *Kammerer Real Estate Holdings v. Forsyth County Bd. of Commissioners*, 302 Ga. 284, 287 (4) (806 SE2d 561) (2017) ("a claim for attorney fees under OCGA § 13-6-11 is a derivative claim"). Accordingly, the trial court erred in awarding attorney fees to Harris.

For the reasons stated above, we reverse the trial court's judgment.

*Judgment reversed. Land and Davis, JJ., concur.*